NESTLE'S PRODUCTS (MALAYA)
LTD., Libelant,

v.

OSAKA SHOSEN KAISHA, Respondent,
and THE S.S. PHILIPPINE
MARU, etc.

United States District Court
S. D. New York.

April 9, 1959.

Dow & Stonebridge, New York City, for libelant. Raymond W. Mitchell and Daniel L. Stonebridge, New York City, of counsel.

Hill, Betts & Nash, New York City, for respondent. George Yamaoka and Francis Y. Sogi, New York City, of counsel.

PALMIERI, District Judge.

This is a libel by a Malayan consignee, against a Japanese shipowner, for damage to cargo shipped from Denmark to Singapore. The damage was apparently discovered when the cargo was unloaded, for further transhipment, in Japan. In addition to the carriage aboard the Japanese vessel, the cargo was carried, in the course of the shipment, on German and Liberian vessels, the latter controlled by Philippine nationals. The whole controversy appears to have no connection with the United States. Respondent moves for dismissal of the action on the ground of *forum non conveniens.*

██ Retention of jurisdiction in a suit such as this is within the exercise of the discretion of the District Court. The Belgenland, 1885, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152. It has been said, however, that it would be "unusual to [decline] jurisdiction even at an early stage [in the proceedings, where] the foreigners interested were of different nationalities; they had no common home to which they might be sent to try their case; [and] no agreement has been made that litigation be carried on in a particular country." The Mandu, 2 Cir., 1939, 102 F.2d 459, 462. More recently, our Court of Appeals has said that "if the defendant would avoid the suit, he must show that he will be unfairly prejudiced, unless [the suit] be removed to some other jurisdiction." Kloeckner Reederi Und Kohlenhandel G. M. B. H. v. A/S Hakedal, 2 Cir., 210 F.2d 754, 756, appeal dismissed 1954, 348 U.S. 801, 75 S.Ct. 17, 99 L.Ed. 633.

Neither respondent's contention that Japanese law will apply (a contention which is not at all certain of being upheld), nor the fact that the witnesses are not readily available in this forum, are proper grounds for declining juris-

diction. These factors are always present in cases of this sort; and there is no one forum in which all the witnesses will be readily available.

The motion is, accordingly, denied.

So ordered.