Divina Pastora Cearreta **ALEGRIA,** as the personal representative of the Estate of Juan Jose Hormaechea Hormaechea, Deceased and as guardian of Ander Hormaechea Cearreta, her minor child, Plaintiff,

v.

**GRAND BASSA TANKERS, INC. and Cities Service Tankers Corporation, Defendants.**

Carmen Bustinza **LOTINA,** as the personal representative of the Estate of Julian Bustinza Acerecho, Deceased, and as guardian of Josu Bustinza Ureta and Julen Bustinza Ureta, her minor children, Plaintiff,

v.

**GRAND BASSA TANKERS, INC. and Cities Service Tankers Corporation, Defendants.**

Nos. 70 Civ. 5564, 70 Civ. 5565.

United States District Court, S. D. New York.

Sept. 30, 1971.

Symmers, Fish & Warner, New York City (Wm. Symmers, S. Turetsky, New York City, of counsel), for plaintiffs.

Hill, Betts & Nash, New York City (Robert S. Blanc, Jr., Robert C. Buff, New York City, of counsel), for defendants.

## MEMORANDUM

TENNEY, District Judge.

These are motions in two related cases for orders pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, dismissing the actions on the ground of *forum non conveniens*. 28 U.S.C. § 1404(a). In the first case (70 Civ. 5564), the plaintiff brings this action as widow and guardian of the surviving and minor child of the first assistant engineer of the Tanker M/V ESSO COLON, and in the second action (70 Civ. 5565), the plaintiff brings this action as widow and guardian of the surviving minor children of the chief engineer of that vessel.

It appears that on December 13, 1969, the chief engineer and the first assistant engineer of the Tanker M/V ESSO COLON were killed as a consequence of a collision between that vessel and the Tanker M/V CITIES SERVICE VALLEY FORGE which occurred either on the high seas or in the Straits of Singapore. In each case recovery is sought for the wrongful death, conscious pain and suffering, and loss of services of the deceased. In both cases plaintiffs, as well as their minor children, are citizens and residents of Spain.

The defendants in both of these actions are the Grand Bassa Tankers, Inc. and Cities Service Tankers Corporation. Grand Bassa Tankers, Inc. is a Liberian corporation which maintains agents, offices and a principal place of business at 60 Wall Street, New York, N. Y. Cities Service Tankers Corporation is a duly organized corporation with its principal place of business also at 60 Wall Street, New York, N. Y. Grand Bassa Tankers,

Inc. is a wholly-owned subsidiary of Cities Service Tankers Corporation. The Tanker M/V CITIES SERVICE VALLEY FORGE is a Liberian flag-of-convenience vessel and is registered in the name of Grand Bassa Tankers, Inc.

It should be noted that these actions are not against the Tanker M/V ESSO COLON, on which the deceased were employed, or Esso Transport and Shipping Company, Inc., the company in whose name that vessel was registered. These actions concern only the right of plaintiffs against the owners and controlling owners of the Tanker M/V CITIES SERVICE VALLEY FORGE which collided with the Tanker M/V ESSO COLON. An action to determine collision liability between the owners of the two tankers involved in the collision is now pending in this District. Esso Transport & Shipping Company, Inc. v. S. S. CITIES SERVICE VALLEY FORGE, 71 Civ. 459.

The control of the Tanker M/V CITIES SERVICE VALLEY FORGE and its crewmen, as well as the crewmen of the Tanker M/V ESSO COLON, it appears, is within the Southern District of New York.

■ Initially, it should be noted that plaintiffs have a cause of action against the tortfeasor shipowner for the wrongful deaths of their respective husbands under the general maritime law. Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970).

■■ An admiralty action by nonresidents against defendants who maintain a principal place of business within the forum chosen by plaintiffs should not be dismissed on the ground of *forum non conveniens* unless defendants clearly establish that they will be unfairly prejudiced by the Court's exercise of its jurisdiction. The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152 (1885); *accord*, Nestle's Products (Malaya) Ltd. v. Osaka Shosen Kaisha, 175 F.Supp.

876 (S.D.N.Y.1959). In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court elaborated the criteria for determining whether the doctrine of *forum non conveniens* should be applied. These factors include: (1) the private interest of the litigants; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling and the cost of obtaining willing witnesses; (4) possibility of viewing the premises if a view would be appropriate; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive. The Supreme Court further stated: "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. at 508, 67 S.Ct. at 843.

■ The affidavits submitted by plaintiffs' attorneys in opposition to the within motion clearly satisfy the criteria suggested in Gulf Oil Corp. v. Gilbert, *supra*, and establish that the doctrine of *forum non conveniens* should not be applied in the instant cases. Defendants, in relying on Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) and its progeny, have misconceived the holding in that case which dealt with the "factors which, alone or in combination, are generally conceded to influence *choice of law* to govern a tort claim, particularly a maritime tort claim, and the weight and significance accorded them." Lauritzen v. Larsen, *supra* at 583, 73 S.Ct. at 928. (Emphasis added.) We are not dealing here with a choice of law but with a choice of forum, and Gulf Oil Corp. v. Gilbert, *supra*, is the applicable authority rather than Lauritzen v. Larsen.

Accordingly, the motions to dismiss in both of the above actions on the ground of *forum non conveniens* are denied.

So ordered.