Aixa Perez LANG; Diana Camila Lang; Sofia Lang,
Plaintiff(s)

v.

**CORPORACION DE HOTELES, S.A. d/b/a Hotel Casa De Campo, et al., Defendant(s).**

**Civil No. 06–1615 (JAG).**

United States District Court, D. Puerto Rico.

Sept. 27, 2007.

Cherie K. Durand, Héctor J. Quiñones–Inserni, Reynaldo Quiñones–Souss, Paul H. Hulsey, Hulsey Litigation Group, L.L.C., Charleston, SC, Manuel San Juan–De Martinó, Manuel San Juan Law Office, San Juan, PR, for Plaintiffs.

Frank La Fontaine, Francisco G. Bruno–Rovira, Raúl M. Arias–Marxuach, McConnell Valdés, Eduardo Castillo–Blanco, Iván M. Fernández Law Office, San Juan, PR, PHV Joseph P. Klock, Jr., PHV Patrick O'Connor, Squire Sanders & Dempsey LLP, Miami, FL, for Defendants.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court are motions to dismiss filed by defendants Premier World Marketing, Inc. and Premier Resorts & Hotels Group (together, the "Premier Defendants") (Docket No. 22), defendant MK Tours, Inc. (Docket No. 43) and defendant MK Tours (PR), Inc. (Docket No. 44). Also pending before the Court are a motion for entry of default against MK Tours, Inc., and MK Tours (PR), Inc. (Docket No. 33); and motions to strike MK Tours, Inc.'s and MK Tours (PR), Inc.'s motions to dismiss (Docket Nos. 47, 48). All of these motions were referred to Magistrate–Judge Camille Velez Rive for Report and Recommendation. The Magistrate–Judge issued two separate Reports and Recommendations on August 24, 2007, one relating to the motion to dismiss filed by the Premier Defendants (Docket No. 71) and the other relating to the motions to dismiss filed by MK Tours, Inc. and MK Tours (PR), Inc. as well as plaintiffs' motions for entry of default and to strike (Docket No. 72). The Magistrate–Judge recommended that all the motions be denied. The Premier Defendants; MK Tours, Inc.; and MK Tours (PR), Inc. filed timely objections to their respective Report and Recommendation on September 10, 2007. Upon *de novo* review of those portions of the Reports and Recommendations to which the defendants object, the Court **ADOPTS in part and REJECTS in part** the Report and Recommendation on the Premier Defendants' Motion to Dismiss and **ADOPTS** the Report and Recommendation on MK Tours, Inc.'s and MK Tours (PR), Inc.'s Motions to Dismiss.

## FACTUAL BACKGROUND

On June 20, 2006, minors Diana Camila Lang and Sofia Lang and their mother Aixa Perez Lang ("Ms.Perez–Lang") (jointly, "plaintiffs") filed a complaint before this Court against the Premier Defendants; MK Tours, Inc.; MK Tours (PR) Inc.; and several other defendants, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Docket No. 1).

The complaint alleges that plaintiffs, along with Mr. Lang, father of the minor

children and Mrs. Perez–Lang's then-husband, traveled to the Dominican Republic for a vacation at Casa de Campo resort after purchasing and booking their vacation package through MK Tours (PR), Inc., a travel agency in Puerto Rico. During their stay in the Dominican Republic, the family suffered an accident when their golf cart, which is claimed have been part of the vacation package deal, was struck by a truck in the premises of Casa de Campo resort. As a result of the accident, Mr. Lang died while plaintiffs were seriously injured. The surviving family members were thereafter transported to Puerto Rico to obtain medical treatment and undergo extensive surgeries. Sometime thereafter, and upon the need to continue with significant medical treatment, Ms. Perez–Lang and her minor daughters relocated to Virginia, were they could continue with treatment at Mt. Sinai Hospital and Rubin Institute for Advanced Orthopedics in Baltimore, Maryland and rehabilitation at the Kennedy Krieger Children's Hospital in Baltimore. Plaintiffs currently reside in Virginia.

Plaintiffs claim that as a result of the negligence, carelessness and recklessness of defendants, Mr. Lang died, eleven year-old Diana Camila suffered catastrophic physical and emotional injuries, Mrs. Perez–Lang suffered physical and emotional injuries, and fifteen year-old Sofia Lang suffered emotional injuries due to the loss of her father and the traumatic injuries to her sister and mother.

The Premier Defendants move to dismiss the complaint on several grounds. First, the Premier Defendants argue that the substantive law to be applied in this case is that of the Dominican Republic and under that law, plaintiffs' claims are time barred by a statute of limitations of six months. Second, the Premier Defendants state that the complaint fails to establish minimum contacts sufficient for the exercise of personal jurisdiction over them. Lastly, the Premier Defendants sustain that the complaint should be dismissed on *forum non conveniens* grounds since the proper forum for plaintiffs' claims is the Dominican Republic.

MK Tours, Inc. moves to dismiss the complaint arguing that as a company with principal place of business in Florida, it should not be bound to defend itself in the district of Puerto Rico for a complaint filed under diversity jurisdiction in relation to an accident that took place in the Dominican Republic and in which it had no participation. MK Tours, Inc. challenges plaintiffs' assertion that they promoted and/or sold vacation packages through an agent (MK Tours (PR), Inc.) and submits that even assuming that the advertisement to sell vacation packages for Casa de Campo to Puerto Rican residents were placed by local travel agents, such conduct does not amount to the transaction of business in Puerto Rico that would submit them to the jurisdiction of this Court. Accordingly, MK Tours, Inc. questions whether this federal court, under the Puerto Rico long-arm statute, can exercise jurisdiction over it. In the alternative, MK Tours, Inc. moves the court to dismiss for improper venue, arguing that neither the plaintiffs reside in Puerto Rico nor do all the defendants reside in Puerto Rico. Finally, MK Tours, Inc. briefly states that the complaint should be dismissed under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that there is no causal connection between the promotion, marketing and sale of the vacation package and plaintiffs' injuries.

MK Tours (PR), Inc., a Puerto Rico corporation, claims in its Motion to Dismiss that, since the accident which serves as basis for plaintiffs' claim occurred in the Dominican Republic, the complaint should be dismissed for improper venue. Fur-

thermore, MK Tours (PR), Inc. moves the Court to dismiss the complaint against it under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that there is no causal connection between the sale of the vacation package and the accident that occurred in the Dominican Republic.

## DISCUSSION

### A. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992) (citations omitted). The Premier Defendants, MK Tours, Inc., and MK Tours (PR), Inc. all filed timely objections and the Court will consider each in turn.

### B. *Objections by the Premier Defendants*

The Premier Defendants object to the Magistrate–Judge's recommendation that their motion to dismiss be denied. Specifically, they take objection to her conclusions that the Court can exercise personal jurisdiction over the Premier Defendants and that a *forum non conveniens* dismissal is not appropriate because there is no basis for finding that the Dominican Republic is a more fitting forum for the cause.

### (1) *Forum non conveniens*

The Premier Defendants first argue that the present action should be dismissed on grounds of *forum non conveniens.* "The doctrine of forum non convenies permits a trial court, on a discretionary basis, to dismiss a case where an alternative forum is available in another country that is fair to the parties and substantially more convenient for them or the courts." *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 719 (1st Cir.1996). Several factors must be considered by a court when it is faced with a motion to dismiss on these grounds and it may dismiss "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)(*citing Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).

The Premier Defendants sustain that the Dominican Republic is an adequate forum for plaintiffs because the accident occurred there and plaintiffs no longer live in Puerto Rico. They further argue that

the relevant private and public interest factors favor litigation in Dominican Republic. However, defendants have failed to meet their burden in sustaining their motion to dismiss on the grounds of *forum non conveniens* because they have not shown that said forum is an adequate alternative.

■■■ "[A] party moving for dismissal [on the grounds of *forum non conveniens* ] bears the burden of establishing that (1) there is an adequate alternative forum, and (2) that considerations of convenience and judicial efficiency strongly favor litigating the claim in the second forum." *Mercier v. Sheraton Intern., Inc.*, 935 F.2d 419, 423–24 (1st Cir.1991). In ascertaining whether there is an adequate alternative forum, a court may not determine that a foreign forum is not adequate simply because it does not recognize an identical cause of action. *Piper Aircraft*, 454 U.S. at 254–55, 102 S.Ct. 252. "However, the Piper Court also stated that 'dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute.'" *Mercier*, 935 F.2d at 426 n. 7. For example, the forum is not adequate if the applicable statute of limitations would bar litigation in that forum. *Bank of Credit and Commerce International (OVERSEAS) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246 (2d Cir.2001). The alternative forum must provide some potential avenue for redress. *See Kamel v. Hill–Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir.1997). "[I]t is incumbent upon the defendant moving for dismissal on *forum non conveniens* grounds to establish that there is a meaningful cause of action available in the proposed alternative forum." *Mercier*, 935 F.2d at 426 n. 7.

The Premier Defendants have not presented any arguments to support the adequacy of the Dominican Republic as a forum other than stating that the accident took place there. They have actually argued against the availability of the Dominican Republic forum by submitting that plaintiffs' action is time barred under the laws of the Dominican Republic.[1] Since they have not met their burden in establishing that an alternative forum exists, the Premier Defendants are not entitled to dismissal on the grounds of *forum non conveniens.*[2] Their objection as to this matter is rejected.

### (2) *Personal Jurisdiction over the Premier Defendants*

Next, the Premier Defendants argue that this Court lacks general and specific personal jurisdiction over them.

■■■ When ruling upon a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing (as is the case here), a district court shall

---

**1.** The Premier Defendants cite *Castillo v. Shipping Corp. of India*, 606 F.Supp. 497 (D.C.N.Y.1985), in an effort to circumvent the statute of limitations issue. In that case, the Court determined that the fact that the statute of limitations had passed under Dominican law did not bar dismissal on *forum non conveniens* grounds. However, in *Castillo*, the plaintiff, a Dominican citizen, had allowed the statute of limitations to pass in his home (and proper) forum and tried to "bootstrap" himself into the New York court, when no witness on either side resided in the United States. This is not the case with plaintiffs here, who filed suit in their place of residence at the time of the events that led to it and still reside in the United States.

**2.** The Court need not delve into any other considerations of the *forum non conveniens* grounds for dismissal. The Premier Defendants concede that without a showing of adequate forum, the *forum non conveniens* analysis ends: "Once it determines that an alternative forum exists, the Court must then consider whether the balance of convenience and judicial efficiency favors litigating the claim in the alternative forum ..." *See* Docket No. 75, page 6.

apply the *prima facie* standard, that is, a plaintiff must establish a *prima facie* case that the defendant is subject to the jurisdiction of the forum. *U.S. v. Swiss American Bank, Ltd.,* 274 F.3d 610, 618 (1st Cir.2001); *see American Express Int'l, Inc. v. Mendez–Capellan,* 889 F.2d 1175 (1st Cir.1989) (citing *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir.1982)). In conducting the requisite analysis under the *prima facie* standard, the court, without crediting conclusory allegations or drawing farfetched inferences, takes specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construes them in the light most favorable to the plaintiff's jurisdictional claim. *See Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 203 (1st Cir.1994). The court then adds to the mix facts put forward by the defendants, but only to the extent that they are uncontradicted. *See, e.g., Topp v. CompAir Inc.,* 814 F.2d 830, 836–37 (1st Cir.1987).

▉ In diversity cases, *in personam* jurisdiction over a non-resident defendant is determined according to the long-arm statute of the forum in which the federal district court sits. *Pizarro v. Hoteles Concorde Int'l,* 907 F.2d 1256, 1258 (1st Cir. 1990). The court must "find contacts that, in the aggregate, satisfy the requirements of both the forum state's long-arm statute and the Fourteenth Amendment." *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 204 (1st Cir.1994). Accordingly, the exercise of *in personam* jurisdiction pursuant to the state long-arm statute must fall within constitutional bounds. *See Pritzker v. Yari,* 42 F.3d 53, 60 (1st Cir.1994); *Ticketmaster,* 26 F.3d at 207 n. 9. Ultimately, under the *prima facie* standard, "it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." *Negron–Torres v. Verizon Communications, Inc.,* 478 F.3d 19, 24 (1st Cir.2007).

Puerto Rico's long-arm statute is contained in Rule 4.7 of the Puerto Rico Rules of Civil Procedure. Rule 4.7 provides in part:

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent; or

(2) participated in tortious acts within Puerto Rico personally or through his agent;

PR Laws Ann. 32, App. III, Rule 4.7(a).

▉ There is a three-pronged test to determine whether *in personam* jurisdiction can be obtained under the quoted Rule 4.7(a):

One, there must be an act done or consummated within the forum by the nonresident defendant.... Two, the cause of action must arise out of the defendant's action within the forum state. Three, the activity linking defendant, forum and cause of action must be substantial enough to meet the due process requirements of 'fair play and substantial justice.'

*Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 904–05 (1st Cir. 1980) (*citing A.H. Thomas Co. v. Superior Court,* 98 D.P.R. 864, 870, 1970 WL 23801 (1970)).

However, Puerto Rico's long-arm statute has been interpreted to extend personal jurisdiction to "the full extent of constitutional authority." *Pritzker,* 42 F.3d at 60; *see also Dalmau Rodriguez v. Hughes Aircraft Co.,* 781 F.2d 9, 12 (1st Cir.1986) (*citing A.H. Thomas Co. v. Superior Court,* 98 D.P.R. 864, 870 n. 5, 1970 WL 23801 (1970)). The exercise of *in personam* jurisdiction by courts in Puerto Rico is therefore "limited only by the due process

analysis of *International Shoe [v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ] and succeeding cases." *Commonwealth of Puerto Rico v. SS Zoe Colocotroni,* 628 F.2d 652, 668 (1st Cir. 1980). Accordingly, this Court need only determine whether the exercise of jurisdiction over the defendants in the instant case falls within constitutional bounds.

■■■■ Due process requires that minimum contacts exist between the non-resident defendant and the forum, in this case Puerto Rico, where the claim was filed. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 289, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The minimum contacts must be such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154. In other words, Due Process "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Volkswagen,* 444 U.S. at 297, 100 S.Ct. 559.

■■■■ Personal jurisdiction over a defendant can be general or specific. *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 34 (1st Cir.1998). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088 (1st Cir.1992). On the other hand, specific jurisdiction may be relied upon "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *Id.* at 1088–89. There are two requirements

for the proper exercise of specific *in personam* jurisdiction: (1) that the forum state have a long-arm statute that grants jurisdiction over defendant and (2) that the exercise of jurisdiction under that state statute does not exceed constitutional limits. *Pritzker,* 42 F.3d at 60.

The First Circuit has developed a three-pronged analysis to sharpen the inquiry into whether the exercise of specific jurisdiction is consistent with due process. According to this test, a court may exercise specific personal jurisdiction if the following requirements are met:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's court foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable. *Pritzker,* 42 F.3d at 60–61.

■■■■ Regarding general jurisdiction, relatedness is not required, but the defendant's contacts with the forum state must be considerably more extensive than the "minimum contacts" necessary for specific jurisdiction. *Donatelli v. National Hockey League,* 893 F.2d 459, 463 (1st Cor. 1990). A court may assert general jurisdiction over a defendant if the defendant has engaged in the "continuous and systematic pursuit of general business activities in the forum state." *Glater v. Eli Lilly & Co.,* 744 F.2d 213, 216 (1st Cir. 1984).

The Magistrate–Judge found that plaintiffs had submitted sufficient *prima facie* evidence in support of jurisdiction as to the Premier Defendants. Specifically, the

Magistrate–Judge found that the Premier Defendants had connections to Casa de Campo because they operate the resort.[3] Additionally, the Magistrate–Judge found that the Premier Defendants had connections with Puerto Rico because they conduct business in Puerto Rico and maintain and/or maintained an office on the island. This conclusion was based on (1) the business card from Sylma R. Priegues, Sales Manager, Puerto Rico and the Caribbean, for Casa de Campo, which indicates that the resort is operated by the Premier Resorts & Hotels and lists an office address in San Juan, Puerto Rico, and (2) the website brochure of Casa de Campo, which directs individuals to contact the Premier World Marketing for information; indicates that Premier Resorts & Hotels operates the resort and includes a map showing travels available from San Juan, Puerto Rico. Applying the *prima facie* standard, the Magistrate–Judge determined that taking these facts as true, and in the absence of any evidence by the Premier Defendants in support of their allegations of lack of jurisdiction, plaintiffs had submitted sufficient evidence to support jurisdiction as to the Premier Defendants.

a) *Choice and Application of Prima Facie Standard*

▇ According to the Premier Defendants, the Magistrate–Judge erred in choosing to apply the *prima facie* standard because there is conflicting evidence in this case and also because it would be unfair to impose on defendants the burden of defending themselves in a foreign forum without requiring more from plaintiffs than a mere *prima facie* showing of the facts necessary to support jurisdiction. They contend that application of the *prima facie* standard was hurtful to them because the Magistrate–Judge only considered evidence proffered by the plaintiffs and did not consider additional undisputed evidence submitted by them. Additionally, the Premier Defendants argue that in any case, the Magistrate–Judge erroneously applied the *prima facie* standard because "she wrote that the 'specific facts' were the ones alleged in the plaintiff's [sic] complaint, and if further bolstered by proof, are then to be accepted as true by the Court." Further, they state that "[t]he suggestion that the mere allegations of a plaintiff's complaint, even with supporting affidavits, precludes further inquiry into whether or not personal jurisdiction exists is simply not the law." However, the Court has not found such statements in the Magistrate–Judge's Report and Recommendation. On the contrary, the Magistrate–Judge cited case law to the effect that plaintiffs may not rely on unsupported allegations in their pleadings on the issue of jurisdiction but are obliged to adduce evidence of specific facts. Further, she stated that after considering the specific facts adduced by plaintiffs, the Court is to mix facts put forward by defendants, to the extent these are uncontradicted. She concluded that the Premier Defen-

---

**3.** This conclusion was supported by (1) documents from Casa de Campo resort which indicate the relationship that the resort has with the Premier Defendants; (2) Dunn & Bradstreet Information Report which indicates that Premier World Marketing is responsible for intercompany sales for Casa de Campo and Premier Resorts & Hotels Groups is responsible for administrative and management services of Casa de Campo; (3) internet articles which identify Claudio A. Silvestri as the CEO of Casa de Campo, Premier Resorts & Hotels and Premier World Marketing; (4) a business card from Sylma R. Priegues, Sales Manager, Puerto Rico and the Caribbean, for Casa de Campo, which indicates that the resort is operated by the Premier Resorts & Hotels; and (5) the website brochure of Casa de Campo, which directs individuals to contact the Premier World Marketing for information and indicates that Premier Resorts & Hotels operates the resort.

dants had not presented any evidence in support of their allegations of lack of jurisdiction. In any case, the Magistrate–Judge's choice of the *prima facie* standard was not mistaken. A full-blown evidentiary hearing in this case was not necessary because the facts properly supported are, in all essential respects, undisputed. *See Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 712 (1st Cir.1996). Given these circumstances, the *prima facie* standard is appropriate. *Id.* Consequently, the Premier Defendants' objection as to the choice of *prima facie* standard is without merit. The Premier Defendants' objection regarding application of the *prima facie* standard is addressed by making a *de novo* determination on whether this Court may exercise personal jurisdiction over them.

b) *Specific Jurisdiction*

■ Regarding specific jurisdiction, the Premier Defendants construe one of the Magistrate–Judge's statements as a conclusion that plaintiffs had satisfied the relatedness test by proving that their relationship with the Premier Defendants centered in Puerto Rico because the vacation package was obtained upon its promotion by the Premier Defendants in Puerto Rico and its subsequent sale in this forum. However, the Magistrate–Judge discussed this in the portion of her Report and Recommendation that deals with the choice of law (since said analysis requires a finding of dominant contacts), and not in relation to the *in personam* jurisdiction analysis. In this sense, the Premier Defendants' misconstrued the Magistrate–Judge's statement.

■ Notwithstanding, the Premier Defendants go on to discuss why this Court lacks personal jurisdiction over them and so the Court will make a *de novo* determination of this matter. As stated above, whether this Court has personal jurisdic-

tion over the Premier Defendants is ascertained by applying the First Circuit's three-prong test on minimum contacts. The first part of the test, known as the "relatedness" test, requires that "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities." Relatedness requires that there be a connection of proximate cause between the defendants' contacts and the plaintiffs' claim. *See Nowak*, 94 F.3d at 715.

The Premier Defendants argue that there is no specific jurisdiction over them because they "had meager contacts with Puerto Rico, did not directly sell or advertise the sale of vacation packages to Casa de Campo in this jurisdiction, were not involved in selling the vacation packages to Casa de Campo to Plaintiffs, and were not involved in arranging Plaintiffs' transportation needs while at Casa de Campo." Furthermore, the Premier Defendants contend that even if the former was the case, "[p]laintiffs' injuries were not caused by a newspaper advertisement, by the purchase of a vacation package, or by boarding a plane for the Dominican Republic in Puerto Rico." They rely heavily on two cases: *Marino* and *Pizarro*. In *Marino*, a case where the plaintiff sued Hyatt Corp. for injuries suffered in one of its hotels in Hawaii, the court found that the fact that plaintiffs made their reservations in Massachusetts and that Hyatt Corp. advertises and solicits business in that state was not enough for the court to have personal jurisdiction over the corporation: "We conclude that it would be a case of the tail wagging the dog to hold that plaintiffs' claims for personal injuries suffered in a Hawaii hotel 'aris[e] from' their alleged Massachusetts contract with Hyatt making a hotel reservation." *Id.* at 431. *Marino* was affirmed in *Pizarro*, where the First Circuit held that the fact that a hotel advertised in Puerto Rico for a vacation in

an Aruba hotel did not grant the Puerto Rico District Court personal jurisdiction over the hotel in a suit for injuries suffered during the stay in the Aruba hotel. The Circuit Court rejected the argument that the "arising out of" requirement was met because "but for" the hotel's advertisements in Puerto Rico, the plaintiffs would not have stayed in the Aruba hotel and therefore not suffered injuries. Whether a plaintiff claim "arises out of" a nonresident defendant's activities in Puerto Rico turns on whether those actions can be said to be the legal, or proximate cause of the injuries suffered by plaintiffs. *Pizarro*, 907 F.2d at 1259. This is so even though the Puerto Rico long-arm statute does not specifically require causation. *Id.* at 1260. As such, the plaintiffs must show that the Premier Defendants' negligence "arose out of" their contacts with Puerto Rico.

Plaintiffs concede that in order to establish personal jurisdiction, they must show that the litigation is the result of injuries that arise out of or relate to the activities of the Premier Defendants in Puerto Rico. They argue that their injuries are connected to the contacts that the Premier Defendants have in Puerto Rico because the vacation package was purchased in Puerto Rico. However, although more than sufficient evidence has been submitted to sustain the allegation that the Premier Defendants operate Casa de Campo resort, mere allegations link the Premier Defendants to the advertising of the vacation package and/or its sale to the plaintiffs. As such, plaintiffs have not met their burden in making a *prima facie* showing of specific personal jurisdiction over the Premier Defendants.

Moreover, even if plaintiffs' allegations regarding the contacts of the Premier De-

fendants with Puerto Rico are deemed true, they are not sufficient to meet the requirement of "arising from" imposed by Puerto Rico's long-arm statute. The plaintiffs must show that their claims, based on the injuries suffered by them in the Dominican Republic, *arose from* the purchasing of the vacation contract in Puerto Rico. *See Marino v. Hyatt Corp.*, 793 F.2d 427, 428 (1986). Allegations that plaintiffs made reservations through a Puerto Rico travel agent and that the Premier Defendants contracted in Puerto Rico to provide plaintiffs with a vacation in Casa de Campo resort is not enough. *Id.* at 430.

In this case, the cause of action arises from the tragic accident that occurred while plaintiffs were in Casa de Campo resort. This litigation does not arise from the sale of the vacation package in Puerto Rico nor from the placement of advertisements in the Puerto Rico newspapers, nor does it have to do with the breach of a contract.[4] The sale of the vacation package is too far removed from the tort to meet the "arising from" requirement. Accordingly, the Premier Defendants are not subject to the reach of the Puerto Rico long arm statute.

It is fair to note that the First Circuit has clarified that the *Marino* line of cases (which includes *Pizarro*) has centered on interpretations of the states' long-arm statutes and not on the constitutional requirements of personal jurisdiction. *See Nowak*, 94 F.3d at 713. However, although the constitutional "relatedness" test was not at issue in those cases, the First Circuit has been clear that if Puerto Rico's long-arm statute requirements are not met, this court cannot exercise specific jurisdiction over a defendant. *See Pizar-*

---

4. Plaintiffs do not argue that under Puerto Rico law, where a person is injured by the negligence of a hotel operator in creating a dangerous condition by allowing golf carts and automobiles to be operated on the same roads or paths simultaneously, that person has a breach of contract cause of action as well as a negligent tort claim.

ro. In any case, the court in *Nowak* recognized that regarding the constitutional restraints of specific jurisdiction, the proximate cause standard—and not the "but for" requirement—must be applied in the relatedness inquiry because "it so easily correlates to foreseeability, a significant component of the jurisdictional inquiry." *Nowak*, 94 F.3d at 715. Accordingly, the same analysis followed to determine whether the Puerto Rico long-arm statute requirements were met applies to the constitutional relatedness test.

Furthermore, the circumstances of this case do not merit the application of the proximate cause requirement with more flexibility, as the court did in *Nowak*. This Court is not convinced that the plaintiffs have presented sufficient evidence to prove that the Premier Defendants directly sold or advertised the sale of the vacation packages to Casa de Campo resort in Puerto Rico, were involved in selling the vacation packages to Casa de Campo to plaintiffs or that they were involved in arranging plaintiffs' transportation needs while at Casa de Campo resort. A showing of the Premier Defendants' relationship with Casa de Campo resort as its operator and/or manager and of their hiring of a sales representative in Puerto Rico for the purpose of promoting the sale of vacations at Casa de Campo resort is not enough for this Court to exercise personal jurisdiction over the Premier Defendants. The foreign corporation did not *directly* target the residents of Puerto Rico or the plaintiffs in this case in an *ongoing effort* to further a business relationship. *See Nowak*, 94 F.3d at 715. Accordingly, the specific facts of this case do not fall within the narrow exception to the proximate cause test established in *Nowak*, which would allow for a loosening of that standard when the circumstances dictate. *Id.* at 716; *see also Dagesse v. Plant Hotel*, 113 F.Supp.2d 211 (D.N.H.2000) (hotel management company's actions in registering to do business, appointing agent, airing television commercials, maintaining a toll-free telephone number and mailing reservation confirmation to guests in New Hampshire were not the proximate cause of injuries sustained by guest in hotel room in Aruba nor did they evince a direct targeting of New Hampshire residents).

Since plaintiffs have not met either the "arising from" requirement of Puerto Rico's long-arm statute nor the constitutional "relatedness" requirement, they have failed to establish the Court's specific personal jurisdiction over the Premier Defendants and the remaining requirements need not be addressed. This, however does not end our inquiry into personal jurisdiction.

### c) *General Jurisdiction*

■ Regarding general jurisdiction, the Premier Defendants argue that a mere presence of an employee on the island for a couple of years is not sufficient to establish "continuous and systematic activity, unrelated to the suit, in the forum state." They state that Ms. Sylma Priegues (who's business card is plaintiffs' only evidence of the Premier Defendants' presence in Puerto Rico through a local office) was employed by them from 2004 to late 2005 as a wholesale sales representative. Her duty was to develop business for Casa de Campo resort generated from wholesalers, such as travel agencies. They state that she operated out of her home and that the address shown on the business card is her home address. The Premier Defendants did not maintain a separate locale in Puerto Rico nor did they pay Ms. Priegues's rent, although she was reimbursed for work-related expenses such as telephone charges. Moreover, the Premier Defendants state that Ms. Priegues was never involved in advertising or selling vacation

packages directly to Puerto Rico residents nor was she involved with the sale of the specific vacation package purchased by plaintiffs. All of these facts are properly supported by an affidavit from Robin Davidson–Conti, Vice President of Sales & Marketing for Premier World Marketing.

Given the uncontradicted facts proffered by the Premier Defendants, this Court finds that there is no general jurisdiction over them. The First Circuit has determined that when defendants' only activities consist of advertising and employing salesmen to solicit orders, fairness will not permit a state to assume jurisdiction. *Seymour v. Parke, Davis & Co.*, 423 F.2d 584, 587 (1st Cir.1970) (there is no general jurisdiction where corporate defendant's contacts were advertising in New Hampshire and employing six New Hampshire salesmen who visited physicians, hospitals, and retail pharmacies to disseminate product information and take orders); *Glater v. Eli Lilly & Co.*, 744 F.2d 213 (1st Cir.1984) (there is no general jurisdiction over the out of state defendant despite the fact that it employed New Hampshire sales representatives and advertised its pharmaceutical products in trade journals that circulated in New Hampshire). The holdings in *Seymour* and *Glater* apply here since the extent of the Premier Defendants' contacts with Puerto Rico was hiring a sales representative to operate in Puerto Rico and allegedly, placing some advertisements. The Premier Defendants are not organized or incorporated in Puerto Rico, never had an office in Puerto Rico and only hired one sales representative to develop business on a wholesale level. Under these circumstances, it would violate due process to force the Premier Defendants into this Court on a theory of general jurisdiction.

### C. *Objections by MK Tours, Inc.*

MK Tours, Inc. objects to the Magistrate–Judge's conclusion that plaintiffs had submitted sufficient *prima facie* evidence to support general and specific jurisdiction over it. Specifically, MK Tours, Inc. argues that the Magistrate–Judge erroneously adopted plaintiffs' conclusory allegations that MK Tours, Inc. and MK Tours (PR), Inc. are an integrated enterprise that conducts business in Puerto Rico or that the latter is an agent of the former; and that MK Tours, Inc.'s alleged acts (issuance of travel documents) are the proximate cause of the accident in the Dominican Republic.

The Magistrate–Judge concluded that in the absence of evidence by MK Tours, Inc. to support its allegation of lack of jurisdiction, plaintiffs had submitted sufficient *prima facie* evidence in support of jurisdiction. The evidence submitted by the plaintiffs consists of the following: advertisement in a Puerto Rico newspaper; travel documents issued by MK Tours, Inc.; and documents which suggest that MK Tours, Inc. and MK Tours (PR), Inc. (the latter a Puerto Rico corporation) are an integrated enterprise.

As discussed above, the placement of advertisements in the forum state and/or the issuance of travel documents does not grant the court specific personal jurisdiction over an out of state defendant. Moreover, these actions are also insufficient to grant the court general jurisdiction over a defendant, since said jurisdiction may only be exercised if there is evidence of an entity's "continuous and systematic activity, unrelated to the suit, in the forum state." However, plaintiffs have submitted evidence that MK Tours, Inc. and MK Tours (PR), Inc. are somehow integrated. MK Tours (PR), Inc. is a Puerto Rico corporation, subject to the general jurisdiction reach of this Court. As such, MK Tours, Inc. may also be subject to its general jurisdiction. The Court considers the evidence submitted by plaintiffs, taken in the light most favorable to them, is

sufficient to meet the *prima facie* standard of personal jurisdiction. In the absence of evidence by MK Tours, Inc. that shows that it is in fact an entity completely separate from MK Tours (PR), Inc. and that the latter is not its agent, the Court must exercise jurisdiction in favor of plaintiffs. Accordingly, the Court is not in a position to dismiss the complaint against MK Tours, Inc. on jurisdictional grounds.

### D. *Objections by MK Tours (PR), Inc.*

 MK Tours (PR), Inc. objects to the Magistrate–Judge's conclusion that plaintiffs presented enough factual averments from which the elements of their cause of action—including causation—can be inferentially drawn and that therefore, its motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be denied. MK Tours (PR), Inc. argues that even assuming the truthfulness of plaintiffs' factual allegations (which they claim are conclusory and should not be accepted), "there is no statute or case law that supports the conclusion that a travel agent who sells a vacation package has the duty to prevent a car accident in a foreign country."

#### (1) Motion to Dismiss under Fed. R.Civ.P. Rule 12(b)(6)

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). Here too, the Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

#### (2) *Liability under Article 1802*

 Under Puerto Rico law, a legal duty arises in one of three ways: (1) by statute, regulation, ordinance, by law or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation. *See De–Jesus–Adorno v. Browning Ferris Inds. of Puerto Rico, Inc.*, 160 F.3d 839 (1st Cir.1998). Article 1802 of the Puerto Rico Civil Code creates a legal duty in torts: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." PR Laws Ann. Tit. 31 § 5141 ("Article 1802"). To recover on a negligence theory, a plaintiff suing under Article 1802 must establish (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the negligent conduct. *See Sociedad De Gananciales v. Gonzalez Padin*, 117 D.P.R. 94 (1986).

 Not all actions or omissions which result in injury will give rise to liability under Article 1802. "Negligence has been defined by the Commonwealth

courts as the failure to exercise due diligence to avoid foreseeable risks." *Malave–Felix*, 946 F.2d at 971. Accordingly, liability will only arise if the damages were reasonably foreseeable to the defendant, that is, when the defendant's negligence is the proximate cause of plaintiff's injuries. *De–Jesus–Adorno v. Browning Ferris Industries of Puerto Rico, Inc.*, 160 F.3d 839 (1st Cir.1998); *Viuda de Delgado v. Boston Insurance Co.*, 99 D.P.R. 693, 703, 1971 WL 30449 (1971). Fault and the necessary causal nexus between the wrongful act and the damage sustained are required. *Jimenez v. Pelegrina*, 112 D.P.R. 700, 881–82, 1982 WL 210615 (1982). The causal nexus principle limits liability to only those hazards that a prudent person would have anticipated. *Pacheco v. Puerto Rico Water Resources Authority*, 112 D.P.R. 369, 372 (1982). The duty of care imposed upon a tortfeasor is anticipating reasonably probable injuries to probable victims. *Marshall v. Pérez Arzuaga*, 828 F.2d 845 (1st Cir.1987).

 The foreseeability contemplated by the statute does not include every conceivable consequence of an act or omission, since to do so would make the defendant an absolute insurer. *See Pacheco v. A.F.F.*, 112 D.PR 296, 300 (1982); *Jimenez v. Pelegrina Espinet*, 112 D.P.R. 700, 704, (1982). To establish the foreseeable character of an event, the evidence must be such that the fact finder can rationally conclude that the risk complained of is in the universe of risks recognizable by reasonably prudent persons acting with due diligence under the same or similar circumstances. *See Paycheck v. Puerto Rico Water Resources Auth.*, 112 D.P.R. 367, 372 (1982); *Jimenez v. Pelegrina*, 112 D.P.R. 881, 886, 1982 WL 210615 (1982). Plaintiffs must not only prove that the injury was reasonably foreseeable, but also that it could have been avoided had defendant acted with care. *Woods–Leber v.*

*Hyatt Hotels of Puerto Rico, Inc.*, 124 F.3d 47, 51 (1st Cir.1997).

### (3) Analysis

 Plaintiffs allege that MK Tours (PR), Inc. is liable in tort because it advertised, marketed and sold a vacation package, which included a golf cart, and "knew or should have known that golf carts were permitted or allowed to be operated on the same roads, streets and/or paths [that regular vehicles use] at Casa de Campo, and that under such circumstances the Lang family would be placed in a foreseeable zone of danger." They state that the causal connection between MK Tours (PR), Inc. and the accident that occurred in the Dominican Republic is that the travel agency assured plaintiffs that they would be able to vacation in a safe, healthy and protected environment at Casa de Campo. According to plaintiffs, MK Tours (PR), Inc. failed in its duties and obligations to plaintiffs (by failing to warn them of the dangers in operating a golf car at the resort) and placed them in a foreseeable zone of danger which led to the accident subject of this suit.

MK Tours (PR), Inc. sustains that from the facts alleged in the complaint, it cannot be inferred that it owed plaintiffs a duty of foreseeing the car accident and that plaintiffs do not even hint the legal source for such duty. Indeed, plaintiffs have only argued that such a duty exists, without citing any legal sources to support their contention. However, this will not cause the Court to *ipso facto* determine that plaintiffs do not allege sufficient facts to support their claim.

In order to survive the motion to dismiss, plaintiffs must allege sufficient facts that, if true, would prove that MK Tours (PR), Inc. failed to exercise due diligence to avoid foreseeable risks, since said failure is what entitles plaintiffs to relief.

We take all of plaintiffs' allegations as true, that is: that MK Tours (PR), Inc. advertised and sold plaintiffs the vacation package to Casa de Campo resort and that the package included a golf cart; that it assured plaintiffs that they would enjoy a safe, healthy and protected environment during their vacation; that it knew or should have known about the dangerous conditions of the roads/trails were golf carts are operated in the resort; that it negligently failed to warn plaintiffs about said conditions; and that the injuries they suffered were the result of MK Tours (PR), Inc. placing them in a foreseeable zone of danger (i.e. the injuries would have been avoided had MK Tours (PR), Inc. acted differently). These allegations, if true, are sufficient under Article 1802 to hold MK Tours (PR), Inc. liable for the injuries suffered by plaintiffs. Also, the Court understands that the issues of causation and foreseeability, which are essential to hold a defendant liable under Article 1802, are more suitably decided upon summary judgment motion because they depend on factual developments that have not occurred at this stage of the proceedings.

Taking all well-pleaded allegations as true and drawing all inferences in favor of plaintiffs, this Court cannot conclude that it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.

E. *Unobjected Recommendations*

Neither party filed objections within the time frame provided by this Court's Local Rules (D.P.R. Local Civ. R. 72(d)) to the Magistrate–Judge's recommendation that the motions to strike and the motions for entry of default be denied. Similarly, no objection was filed to the recommendation that the motion to dismiss for improper venue be denied nor to the recommendation that the law to be applied to this case should be federal law. After reviewing the record, the Court agrees with the arguments, factual and legal conclusions within the Report and Recommendation regarding these matters. Therefore, the Court adopts the recommendations.

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Magistrate–Judge's Report and Recommendation on the motions to dismiss filed by MK Tours, Inc. and MK Tours (PR), Inc. (Docket No. 72) in its entirety and accordingly, **DENIES** the motion for entry of default (Docket No. 33); **DENIES** the motions to dismiss filed by MK Tours, Inc. and MK Tours (PR), Inc. (Docket Nos. 43 and 44); and **DENIES** the motions to strike (Docket Nos. 47 and 48). Additionally, the Court **ADOPTS in part and REJECTS in part** the Magistrate–Judge's Report and Recommendation on the motion to dismiss filed by the Premier Defendants (Docket No. 71) and accordingly, **GRANTS** the motion to dismiss for lack of personal jurisdiction (Docket No. 22).

IT IS SO ORDERED.