Aixa **PEREZ–LANG, on her behalf, as personal representative of the estate of Edward Lang–Correa and as mother and natural guardian of her daughters Diana Camila Lang and Sofia Lang, Plaintiff,**

v.

**CORPORACION DE HOTELES, S.A., doing business as Hotel Casa De Campo, Corporacion de Hoteles Casa de Campo, Casa de Campo, Central Romana Corporation, Premier World Marketing, Inc., Premier Resorts & Hotels Group, and ABC Corporations, Defendants.**

**No. 07–23213–CIV.**

United States District Court, S.D. Florida, Miami Division.

Sept. 10, 2008.

Cherie K. Durand, Paul H. Hulsey, Reynaldo Quinones, Samuel Fraser Reid, III, Hulsey Law Group LLC, Charleston, SC, William Osborne Solms, Jr., DeMahy Labrador Drake & Payne, PA, Coral Gables, FL, for Plaintiff.

Juan Carlos Antorcha, Janet T. Munn, Joseph Peter Klock, Jr., Epstein Becker & Green, P.C., Helaine S. Goodner, Michael John Lynott, Fowler White Burnett P.A., Michael John Lynott, Valle & Craig, Miami, FL, for Defendants.

### FINAL ORDER OF DISMISSAL

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendants' Premier World Marketing, Inc. and Premier Resorts & Hotels Group Motion to Dismiss the Complaint (D.E.# 21), filed April 10, 2008. Plaintiff's Response in Opposition (D.E.# 23) was filed on April 24, 2008. Defendants' Reply (D.E.# 32) was filed on May 23, 3008, and Plaintiff's Sur–Reply (D.E.# 38) was filed on June 6, 2008.

### I. BACKGROUND

On June 13, 2005, Aixa Perez–Lang and Edward Lang–Correa purchased a vacation package to Casa de Campo (the "Resort"), a resort located in La Romana, Dominican Republic. The package was for a five-day-and-four-night stay at the Resort from June 27 to July 1, 2005, which included use of a motorized golf cart as a means of transportation. On June 28, 2005, Plaintiff and her family, while on the

premises of the Resort and operating the golf cart, were struck by an automobile.[1] The accident produced severe and permanent injuries to both Plaintiff Aixa Perez–Lang and her daughter, Diana Camila Land, and fatal injuries to her husband, Edward Lang–Correa.

Plaintiff subsequently filed a personal injury action in the United States District Court for the District of Puerto Rico. On September 28, 2007, that court dismissed for a lack of personal jurisdiction. *See Lang v. Corporacion De Hoteles, S.A.*, 522 F.Supp.2d 349, 367 (D.P.R.2007).

On December 10, 2007, Plaintiff filed the Complaint in the above-styled action in the United States District Court for the Southern District of Florida and alleged negligence against all named Defendants on behalf of herself (as guardian to her daughters and as the personal representative of the estate of Edward Lang–Correa). In the instant Motion, Defendant seeks dismissal of the above-style action for, *inter alia, forum non conveniens.*[2]

## II. *STANDARD OF REVIEW*

■ Under the doctrine of *forum non conveniens,* even if venue is proper, a district court possesses the discretion to transfer a case to a more convenient forum. *See Baltimore & Ohio R. Co. v. Kepner,* 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28 (1941). Although the trial court must accord deference to a plaintiff's choice of forum, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

■ To prevail on a motion to dismiss for *forum non conveniens,* the defendant has the burden of establishing that (1) an available and adequate alternative forum exists, (2) the private factors weigh in favor of dismissal;[3] (3) the public factors weigh in favor of dismissal;[4] and (4) there would be no inconvenience or prejudice to the plaintiff in filing in the foreign forum. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–62, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 951 (11th Cir.1997); *Callasso v. Morton & Co.,* 324 F.Supp.2d 1320, 1330 (S.D.Fla.2004).

1. The Complaint alleges that the vehicle involved in the collision was an "automobile," whereas Defendant's Motion to Dismiss asserts that it was a "truck." To avoid confusion, this Court shall refer to the vehicle as an automobile.

2. Defendant's Motion to Dismiss also seeks dismissal of the Complaint for failure to sue the proper parties and as being an impermissible shotgun pleading. However, because the Court finds that the above-style action should be dismissed for *forum non conveniens,* the Court does not address the Defendant's remaining assertions for dismissal.

3. The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses and costs of obtaining unwilling witnesses; (3) the probability of a view of the premises, if appropriate to the action; (4) the enforceability of a judgment if obtained; and (5) all other practical problems that make a trial of the case easy, expeditious, and inexpensive. *See In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147 (5th Cir.1987).

4. The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law governing the action; (4) the avoidance of unnecessary problems in conflicts of law or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See In re Air Crash,* 821 F.2d at 1147.

■ First, "the defendant must demonstrate both the availability and the adequacy of the proposed alternative forum." *Tyco Fire v. Hernandez Alcocer*, 218 Fed. Appx. 860 (11th Cir.2007). Generally, a forum is available if it is amenable to service of process or the opposing party consents to jurisdiction in the alternative forum. *See Piper Aircraft Co.*, 454 U.S. at 242, 102 S.Ct. 252. A forum is generally adequate if it can provide some relief for plaintiff's claims. *See id.* Additionally, a forum is still adequate even if "the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum." *Id.*

■ If an available and adequate alternative forum exists, the trial judge then considers "all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice." *C.A. La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir.1983); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). These private interest considerations are factors affecting the convenience of the litigants. *See Gulf Oil Corp.*, 330 U.S. at 508, 67 S.Ct. 839.

■ If the balance of private interests is not clear, the trial judge must then "determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum." *La Seguridad*, 707 F.2d at 1307. The public interest factors (i.e., considerations affecting the convenience of the forum) are the administrative difficulties for courts when litigation is not handled at its origin. *See Gulf Oil Corp.*, 330 U.S. at 508, 67 S.Ct. 839.

## III. DISCUSSION

### A. An Available and Adequate Alternative Forum

■ The first prong of the analysis is whether the Dominican Republic constitutes an available and adequate alternative forum for this dispute. The Dominican Republic is a democratic nation, with a sophisticated and multi-tiered judicial system that provides for appellate review at various levels up to the Supreme Judicial Court of the Dominican Republic. (*See* Affidavit of Dr. Marco A. Herrera–Beato, ¶ 10–16). Further, Dominican Republic law provides causes of action sounding in tort for bodily injuries and permits parties in such causes of action to both engage in extensive pre-trial discovery and examine parties and witnesses at trial. (*See id.*, ¶ 8, 18, & 32). The alternative forum prong is also satisfied because Defendants have stipulated that they will submit themselves to the jurisdiction of the Dominican courts, thereby making themselves amenable to process.

Plaintiff counters that the Dominican Republic is not an *adequate* alternative forum, yet concedes that it constitutes an *available* alternative forum. However, Plaintiff fails to rebut or controvert the affidavit of Dr. Herrera–Beato. Defendants have sufficiently proven that Plaintiff's claim may be filed in a Dominican Republic court and have even agreed to waive the applicable statute of limitations as a condition of dismissal. (D.E.# 32, n. 3). Further, there is evidence that Dominican courts will exercise jurisdiction over an American defendant who consents to such jurisdiction. (*See* Affidavit of Dr. Herrera–Beato, ¶ 25–26). Thus, this Court finds that the Dominican Republic is an available and adequate alternative fo-

rum for this dispute.[5]

### B. *Balancing of Private and Public Factors*

### 1. *Private Interest Factors*

### a. *Relative Ease of Access to Sources of Proof*

■ The first consideration is the relative ease of access to sources of proof in the Dominican Republic as compared to Florida. This factor clearly weighs in favor of dismissal. The accident occurred in the Dominican Republic. Moreover, the Defendants assert that the critical witnesses concerning liability reside in the Dominican Republic: Alejandro Rigo (the owner and driver of the automobile involved in the accident), Rhadames Severino (a security officer who was at the scene of the accident), Facundo Cedeno (the mechanic who performed maintenance on the golf cart), Diane Figueroa (a manager of the Resort), Heidi Mendoza (a management trainee who was working when the accident occurred), Bienvenido De La Rosa (a paramedic who responded to the scene), Higinio Moral (an employee of the Resort who performed landscaping and maintenance), Juan Franciso Camacho (an employee of the Resort who performed landscaping), Ramon Mercedes (another witness to the events), individuals who first responded to the scene, other emergency personnel, public officials who conducted the criminal investigation, and individuals who possess knowledge concerning the Resort's medical and emergency services.

The Plaintiff only counters with the fact that some witnesses who will testify concerning damages reside in Virginia. However, the Defendants assert that there are also damages witnesses who reside in the Dominican Republic. Additionally, the documentary evidence that is critical to the Plaintiff's allegations is located in the Dominican Republic. The only connection to Florida is two of the named Defendants (i.e., Premier World Marketing, Inc. and Premier Resorts & Hotels Group) are located in Florida. However, the Defendants have submitted evidence that these two corporations do not have any responsibility for the operation or policies of the Resort. (*See* Affidavit of Robin Davidson–Conti, ¶ 8; Declaration of Claudio A. Silvestri, ¶ 5). Thus, the allegations of the Plaintiff arguably do not implicate these two corporate Defendants. Also, the Plaintiff, who purchased the vacation package from a *Puerto Rican* tour operator (i.e., MK Tours), never had direct interaction with these two corporations. In sum, this factor weighs in favor of dismissal.[6]

---

**5.** This Court recognizes Plaintiff's assertion that in the action previously filed in Puerto Rico, that court found that the defendants had failed to meet their burden of establishing that the Dominican Republic was an adequate alternative. *See Lang,* 522 F.Supp.2d at 357. The court reasoned that the action was time barred. *See id.* However, the Defendants have now agreed, as a condition of dismissal, to waive the applicable statute of limitations under Dominican law. Thus, the previous holding of the Puerto Rico court is not applicable due to this subsequent change in the status of this dispute.

**6.** This Court notes that there is evidence that the Defendant Premier Resorts & Hotels Group did provide "management services" to Casa de Campo. (Declaration of Claudio A. Silvestri, ¶ 7). However, this statement fails to expand upon whether the provision of "management services" equates to any responsibility concerning either the operation or the policies of the Resort. Even assuming this evidence is enough to negate this factor, this Court concludes that dismissal is still warranted by the overwhelming support for such provided by the other factors. For this same reason, this Court denies the Plaintiff's request to amend the Complaint and substitute Premier American Hotels, Inc. for Premi-

### b. *Availability of Compulsory Process*

As previously discussed, the vast majority of witnesses reside in the Dominican Republic. The Defendants have established that the courts in the Dominican Republic have subpoena power over individuals and documentary evidence. (*See* Affidavit of Dr. Herrera–Beato, ¶ 11–22). Additionally, many of these witnesses are not within the employ of the Defendants, meaning they are outside the compulsory process of this Court. *See Morse v. Sun Intern. Hotels, Ltd.,* 2001 WL 34874967 * 3 (S.D.Fla.2001). Even assuming these non-employee witnesses would be willing to testify, the multiple witnesses employed by the Defendants would likely not voluntarily testify against their respective employer. Due to their location in the Dominican Republic, the costs (i.e., translation of Spanish testimony, hotels, and travel) associated with obtaining the testimony of these unwilling witnesses through this Court's compulsory process would be significant. *See Callasso v. Morton & Co.,* 324 F.Supp.2d 1320, 1331 (S.D.Fla.2004) (in granting dismissal based upon *forum non conveniens,* concluding that the likelihood of substantial testimony in Spanish supports dismissal).

The Plaintiff counters that the documentary evidence could be shipped to Florida and the testimony of those witnesses who reside in the Dominican Republic could be obtained through depositions. However, this Court finds that the possibility of utilizing these conveniences offered by modern-day amenities is not dispositive. *See DaRocha v. Bell Helicopter Textron, Inc.,* 451 F.Supp.2d 1318, 1324 (S.D.Fla.2006) ("[T]hird party witnesses ... are beyond

the subpoena power of this court; therefore, the parties would be severely handicapped if forced to litigate in this forum."); *Rivas v. Ford Motor Co.,* 2004 WL 1247018, 2004 U.S. Dist. LEXIS 7535 (M.D.Fla.2004) ("Of all the private interest factors, the relative ability of the forums to compel the attendance of significant unwilling witnesses at the trial often is considered the most important factor, because the presentation of live testimony is essential to a fair trial."). In sum, this factor supports dismissal of the instant action based upon *forum non conveniens.*

### c. *View of the Premises*

The Defendants also assert that there is a possibility that a court-ordered viewing of the accident scene in the Dominican Republic will be necessary. Notwithstanding the fact that an action can often be adjudicated without a view of the premises, this Court notes that the instant action is one in which such a visit to the accident scene might be beneficial due to the nature of the allegations in the Complaint (e.g., the location and design of the roads at the Resort). A series of photographs of the Resort might be a sufficient substitute but an in-person viewing might be deemed necessary. Given such uncertainty concerning the need for a viewing, this Court finds that this factor also supports dismissal but accords little weight to it.

### d. *Enforceability of a Judgment*

Neither the Defendants nor the Plaintiff address this factor. Thus, this Court finds that it neither weighs in favor nor against dismissal of the instant action.

---

er Resorts & Hotels. Notwithstanding that this factor concerning the relative ease of access to sources of proof might not support dismissal, the instant action should be dismissed based upon, *forum non conveniens* due to the overwhelming support for such provided by the other factors.

### e. *All Other Practical Problems*

The Defendants also assert that, assuming the instant action proceeds in any forum other than the Dominican Republic, they would be prejudiced by their inability to implead the driver of the automobile involved in the accident. Due to the fact that the automobile driver was directly involved in the underlying accident, the inability to implead this individual is significant. *See Morse,* 2001 WL 34874967 *4 ("[A]lthough this case involves the alleged direct negligence of these actors, [the plaintiff] has not named them as defendants, presumably because of lack of personal jurisdiction. Because these entities were directly involved in the underlying controversy, the inability to implead them weighs in favor of dismissal."). In contrast, the Dominican courts could implead this third party. (*See* Affidavit of Dr. Herrera–Beato, ¶ 11–22). Thus, this constitutes a practical problem which will prevent an easy and expeditious trial in Florida. *See Piper Aircraft Co.,* 454 U.S. at 259, 102 S.Ct. 252 ("[P]roblems posed by the inability to implead potential third-party defendants clearly support[s] holding the trial in [the foreign jurisdiction].").[7]

### 2. *Public Interest Factors*

### a. *Administrative Difficulties*

The first public interest factor involves the administrative difficulties that flow from court congestion. This Court notes that the Plaintiff has not asserted that the courts in the Dominican Republic suffer from a congested docket. The Southern District of Florida has one of the busiest criminal dockets in the country but is nevertheless current in its civil docket. Thus, this Court finds that this factor has little significance, one Way or another.

### b. *Local Interest*

Next, this Court addresses the local interest in having this localized controversy adjudicated in the Dominican Republic. As previously discussed, this dispute is clearly a Dominican Republic controversy because the accident occurred in that forum. The Defendants correctly assert that the Dominican Republic has a substantial interest in resolving the issues presented by the instant action, such as the safety of guests at a major resort in the Dominican Republic, Dominican road and traffic conditions, and Dominican emergency medical care. In contrast, the Florida interest is minimal.

### c. *Trial in a Forum that is Familiar with the Applicable Law*

Despite the Defendants failure to explicitly address this factor, this Court finds that it clearly weighs in favor of dismissal. As alleged in the Complaint, this is an action in diversity. Consistent with the conflict-of-laws analysis briefly discussed below, this action would seemingly be governed by Dominican Republic law. Thus, the Dominican Republic is the proper forum.

Next, this Court addresses the public factor concerning the avoidance of unnecessary problems with conflict-of-laws issues or the application of foreign law. If this Court did not dismiss, an analysis to determine the applicable law under conflict-of-laws principles would be required.

---

7. Although the private interest factors clearly support dismissal, this Court next proceeds to an analysis of the public interest factors in an effort to accord the proper deference Plaintiff's choice of forum. *See Chierchia v. Treasure Cay Servs.,* 738 F.Supp. 1386 (S.D.Fla. 1990) ("[I]n light of the court's deference to plaintiff's choice of forum, it will consider the private interest factors to be in equipoise and proceed to an analysis of the public interest factors in this case.").

Under the "significant relationships test" utilized in Florida, *see Bishop v. Specialty Paint Co.,* 389 So.2d 999, 1001 (Fla.1980), this Court would analyze factors that include where the injury occurred, where the conduct causing the injury occurred, and where the relationship of the relevant parties is centered. Foreign law would have to be considered. *See Chierchia v. Treasure Cay Servs.,* 738 F.Supp. 1386 (S.D.Fla.1990) (concluding that Bahamian law would apply under a conflict-of-laws analysis; similar facts to the instant action). For these reasons, dismissal is proper. *See Sibaja v. Dow Chem. Co.,* 757 F.2d 1215, 1218 n. 5 (11th Cir.1985) (affirming dismissal based upon *forum non conveniens* where the trial court found that it would be "force[d] ... to conduct a complex exercise in comparative law and consider a foreign law with which the Court is not familiar and which is in a foreign language").

### d. *Unfairness Concerning Jury Duty in an Unrelated Forum*

Moreover, this Court finds that trial in this unrelated forum would unfairly burden Florida citizens with jury duty. A South Florida jury would have little interest in this litigation, for which a Virginia resident (who was a resident of Puerto Rico at the time of the accident) and some of her family members (who were also residents of Puerto Rico at the time of the accident) were involved in a vehicular accident that occurred in the Dominican Republic.

### C. *Reinstatement of Suit in the Dominican Republic*

Finally, this Court must ensure that Plaintiff can reinstate her suit in the Dominican Republic without undue inconvenience or prejudice. This Court accepts the Defendant's representation that they will submit to suit in the Dominican Republic. Given this stipulation, the Plaintiff has not asserted a sufficient basis upon which this Court could find that the Plaintiff would suffer undue prejudice or greater inconvenience in a Dominican court. *See Chierchia,* 738 F.Supp. at 1390.

### IV. CONCLUSION

The Court finds that Defendant has established that (1) the Dominican Republic is an available and adequate alternative forum, (2) the relevant public and private interest factors overwhelmingly support adjudication of the dispute in the Dominican Republic, and (3) Plaintiff can reinstate her suit in the Dominican Republic without undue inconvenience or prejudice. Therefore, after weighing all relevant considerations, the Court shall exercise its discretion to dismiss the above-styled action based upon *forum non conveniens.*

Accordingly, after a careful review of the record and being otherwise fully advised, it is ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss (**D.E.# 21**) be, and the same is hereby, **GRANTED.** It is further ORDERED, ADJUDGED, and DECREED that the above-styled action is hereby **DISMISSED without prejudice** to Plaintiff filing suit in the appropriate court in the Dominican Republic. All pending motions are hereby **DENIED** as **MOOT.** The Clerk shall **CLOSE** this case.

DONE and ORDERED.