**CHAN TSE MING and Wong Sau Kwai, his wife, Plaintiffs,**

v.

**CORDIS CORPORATION, a Florida Corporation, Defendant.**

**No. 87–2209–Civ.**

United States District Court, S.D. Florida.

Jan. 18, 1989.

Jeffrey W. Dickstein, Kaufman, Miller, Dickstein, Grunspan & Oster, P.A., Miami, Fla., for plaintiffs.

Carlos E. Mendez–Penate, Holland & Knight, Miami, Fla., for defendant.

MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

HASTINGS, District Judge.

THIS CAUSE comes before the Court upon review of the magistrate's Report and Recommendation, dated August 4, 1988 (hereinafter "Report") regarding Defendant's motion to dismiss on the basis of *forum non conveniens.* That Report recommended granting the motion and dismissing the case. After careful consideration of the motion, response, reply, objec-

tions,[1] memoranda and a *de novo* review of the record, it is

ORDERED that the motion to dismiss is DENIED. The magistrate's Report is not adopted for reasons set forth below.

Plaintiffs, Chan Tse Ming (hereinafter "Plaintiff" or "Mr. Ming") and Wong Sau Kwai, his wife (hereinafter collectively "Plaintiffs") are citizens of Hong Kong. Defendant, Cordis Corporation (hereinafter "Defendant" or "Cordis") is a Florida corporation.[2] In 1981, Mr. Ming was surgically implanted with a pacemaker in Hong Kong. That pacemaker was designed and tested by Defendant in Florida. In 1983, Defendant issued an urgent notification to Plaintiff's implanting physician warning that the subject pacemaker might not provide its expected length of service due to early battery depletion. In 1984, Plaintiff had the pacemaker replaced with a new pacemaker in Hong Kong, allegedly necessitated by the inadequacy of the original pacemaker's battery.

Plaintiffs filed a lawsuit in the circuit court for the Eleventh Judicial Circuit in and for Dade County, Florida, seeking recovery from Defendant under the theories of negligence, strict liability, express and implied warranty, fraudulent misrepresentation, negligent misrepresentation, and loss of consortium. Upon motion by Defendant, the state court ruled that the law of Hong Kong applied to the action. Plaintiffs then voluntarily dismissed the state court lawsuit and refiled the identical complaint in this Court. This cause is now before the Court on Defendant's motion to dismiss based upon the doctrine of *forum non conveniens.*

---

**1.** Plaintiffs filed objections to the magistrate's Report and Defendant responded. Plaintiffs then filed a motion for leave to reply to that response and Defendant subsequently filed a motion to strike that reply as the rules do not provide for such a pleading. As this Court was sufficiently advised without Plaintiffs' reply, Defendant's motion to strike is GRANTED and Plaintiffs' motion for leave to reply is DENIED. Similarly, this Court has reviewed the transcript of the magistrate's hearing along with the entire record and therefore, Plaintiffs' motion for oral argument is DENIED.

**2.** Florida is Defendant's principal place of business and place of incorporation.

## I. COLLATERAL ESTOPPEL

The Court must determine whether or not it is precluded form reaching the merits of the motion to dismiss and should decline jurisdiction because of the previous state court litigation. Defendant states that this matter should not be considered by a federal court on the theory that the previous state court filing and disposition collaterally estops Plaintiffs. The rule of collateral estoppel is settled in this circuit.

> There are several prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action. In addition, the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*A.J. Taft Coal Co., Inc. v. Connors,* 829 F.2d 1577, 1580 (11th Cir.1987) quoting *Hart v. Yamaha–Parts Distributors, Inc.,* 787 F.2d 1468, 1473 (11th Cir.1986) and *Greenblatt v. Drexel Burnham Lambert, Inc.,* 763 F.2d 1352 (11th Cir.1985). The doctrine of collateral estoppel, therefore, presupposes that there was a judgment in the prior proceeding. Here, the state court action was voluntarily dismissed without prejudice. As a final judgment was not entered, collateral estoppel cannot apply to this cause.[3]

---

**3.** Similarly, although the state court determined that Hong Kong law should apply to the action, as no final judgment was entered, that choice of law determination is not binding here because the prior litigation did not come to judgment. *See, Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 n. 1, 105 S.Ct. 1327 n. 1, 84 L.Ed.2d 274 (1985) ("[W]e use the term 'issue preclusion' to refer to the effect of a *judgment* in foreclosing relitigation of a matter that has been litigated and decided." (Emphasis added)).

## II. FORUM NON CONVENIENS

■ Hong Kong and the United States are two possible forums for this lawsuit on the basis of diversity of citizenship. It also appears that Hong Kong is an adequate alternative forum for this litigation.[4] *See,* Affidavit of Peter Graham, dated January 25, 1988.[5] Where two such forums exist, a federal court may determine not to entertain a lawsuit if it concludes that one forum is clearly more convenient than another.

As the magistrate correctly stated: "[t]he controlling law ... [to determine whether *forum non conveniens* applies] is set forth in the leading cases of *Piper Aircraft Co. v. Reyno,* 454 U.S. 235 [102 S.Ct. 252, 70 L.Ed.2d 419] (1981) and *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 [67 S.Ct. 839, 91 L.Ed. 1055] (1947). *See also, Sigalas v. Lido Maritime, Inc.,* 776 F.2d 1512 (11th Cir.1985)." Report at 2. Those cases enumerate both private and public interest factors which a court must consider when deciding if dismissal would be proper under the *forum non conveniens* doctrine. Although Plaintiffs' foreign citizenship lessens the presumption in favor of their choice of forum, the burden of proof remains with the Defendant. *See, Carlenstolpe v. Merck & Co., Inc.,* 638 F.Supp. 901, 904 (S.D.N.Y.1986).

This Court must consider the following private interest factors: "(i) the relative ease of access to sources of proof; (ii) the availability of compulsory process for the attendance of unwilling witnesses; (iii) the cost of obtaining the attendance of willing witnesses; (iv) the possibility of viewing premises where appropriate;[6] and (v) the enforceability of a judgment if one is obtained."[7] *Carlenstolpe,* 638 F.Supp. at 905 (citing *Gulf Oil Corp.,* 330 U.S. at 508, 67 S.Ct. at 843).

---

**4.** Plaintiffs claim that Hong Kong is not an accessible forum because the three year statute of limitations has run. Defendant, however, has represented to the Court that it will expressly waive any and all statutes of limitations relevant to this cause and shall submit to the jurisdiction of Hong Kong. *See,* Report at 4.

**5.** Mr. Graham, a practicing lawyer in Hong Kong for over twelve years, opined, "Hong

Here, the gravamen of Plaintiffs' claims against Defendant involves the development, testing and manufacturing of the subject pacemaker, events which occurred primarily in Florida. The "urgent warning" of possible early battery depletion was printed on Defendant's stationery designating its Miami, Florida location. Many of the main witnesses who could testify regarding the "design, manufacture, and testing" of the pacemaker are residents of the United States. *See, Piper,* 454 U.S. at 242, 102 S.Ct. at 259. It is also likely that these witnesses would be subject to compulsory process in the United States.

Although information from Hong Kong, such as medical records, may be important to proving certain elements of Plaintiffs' claims, the fact that Plaintiff was surgically implanted with a pacemaker designed and developed in the United States cannot be ignored. Additionally, the expense of sending documents from Hong Kong to the United States would be no greater, and perhaps less, than the amount of time and money necessary to assure the attendance of witnesses in Hong Kong. Furthermore, the evidence relating to the events surrounding the implanting of the pacemaker is "susceptible to presentation at trial in documentary and deposition form." *Carlenstolpe,* 638 F.Supp. at 907. In essence, "[w]ith regard to evidence generally, it must be noted that the inconvenience in this case run both ways." *Carlenstolpe,* 638 F.Supp. at 907.

Indeed, the facts in *Carlenstolpe* are remarkably analogous to the case at hand. There, a Swedish citizen suffered serious injury after receiving a hepatitis vaccine that had been developed, tested and manufactured in the United States. Just as Hong Kong certainly has an interest in protecting its citizens, the court in *Carlenstolpe* found that:

> Kong has a highly developed judicial system and judiciary fully capable of adjudicating the issues presented in the complaint [in this case]." Affidavit of Peter Graham at 2.

**6.** This factor is not a consideration in this case.

**7.** There is no dispute that a judgment from either forum can be enforced.

Sweden unquestionably has some interest in this litigation and ... a certain amount of evidence necessary to the pursuit of this lawsuit is located in that country. This is not enough to invoke the drastic measure of dismissal for *forum non conveniens*, however, because under the well-established principles of the doctrine as set forth by the Supreme Court, defendant has not convinced this court that plaintiff's chosen forum is itself so inconvenient and unrelated to the subject matter of this litigation that trial in *this* forum would be adverse to the best interests of justice.

*Carlenstolpe*, 638 F.Supp. at 903. As in *Carlenstolpe*, Defendant here has failed to prevail in carrying its burden on the private interest portion of the *forum non conveniens* test. *See, Carlenstolpe*, 638 F.Supp. at 906.

The public interest factors are: "(1) the problem of court congestion, (2) the fairness of imposing jury duty on a community with little relation to the litigation, (3) the local interest in the controversy, and (4) the advantage of having the matter before a court familiar with the applicable law." *Carlenstolpe*, 638 F.Supp. at 908 (citing *Gulf Oil*, 330 U.S. at 508–509, 67 S.Ct. at 843). Although the courts in this district are undoubtedly congested, the Defendant has failed to demonstrate that the Hong Kong forum would administer justice in a swifter fashion. Cordis is a local company with many contacts in the Southern District of Florida. Here, as the site of the pacemaker's manufacture, development and testing occurred in Florida, this forum certainly has a significant interest in the outcome of the litigation.

Although this Court does not decide whether the laws of Hong Kong or the United States shall apply to this cause,[8] even if the former are applicable, that factor alone would not be persuasive for purposes of *forum non conveniens* dismissal, particularly where Defendant's contacts with the Southern District of Florida are so overwhelming. *See, Piper Aircraft*, 454 U.S. at 249, 102 S.Ct. at 262 (in applying the doctrine of *forum non conveniens*,

emphasis should not be placed on only one factor, for to do so, would divest the doctrine of its valuable flexibility); *Carlenstolpe*, 638 F.Supp. at 910 (application of foreign law would not suffice to mandate *forum non conveniens* dismissal); and *Nestle's Products (Malaya) Ltd. v. Osaka Shosen Kaisha, et al.*, 175 F.Supp. 876, 877 (S.D.N.Y.1959) (contention that foreign law should apply is not proper ground for declining jurisdiction).

Finally, common sense dictates that it is illogical for Defendant to succeed in avoiding suit in its own home forum. Certainly, Florida is the most convenient place to bring suit against a Florida corporation regarding a product which was designed, manufactured and tested in Florida. It follows that when reviewing the facts of this case against the public factors stated above, Defendant here has also failed to carry its burden.

Accordingly, upon consideration of all factors, it is ORDERED that dismissal on the basis of *forum non conveniens* is not warranted and therefore, the motion is DENIED and the magistrate's Report is not adopted.

Defendant shall file its answer to the Complaint within twenty (20) days from the date of this Order.

DONE AND ORDERED.