Joanne **CHIERCHIA**, Plaintiff,

v.

**TREASURE CAY SERVICES a/k/a Treasure Cay Services, Inc., Defendant.**

No. 89–6896–CIV.

United States District Court, S.D. Florida.

May 14, 1990.

forum non conveniens. Because the court grants defendant's motion to dismiss for *forum non conveniens*, it does not address defendant's motion for summary judgment.

## I. BACKGROUND

Plaintiff Joanne Chierchia brought this diversity action in the Eastern District of New York to claim recovery for injuries she incurred in a boating accident while on vacation in the Bahamas. The federal district court in New York transferred the case here pursuant to 28 U.S.C. § 1631, as it lacked personal jurisdiction over the defendant. Defendant Treasure Cay Services admits that it booked plaintiff's trip (through plaintiff's travel agent in New York), but denies plaintiff's contention that it owns, operates, and manages the resort at which plaintiff's injury occurred (defendant maintains that a Bahamian corporation, Treasure Cay Limited, operates the resort in question). Defendant moves for summary judgment; it claims that plaintiff has sued the wrong entity, and, moreover, that plaintiff signed a release absolving Treasure Cay Limited as operator of the resort. In the alternative, defendant requests that the court dismiss the action on *forum non conveniens* grounds, for reasons that will become apparent. Again, as the court will dismiss for *forum non conveniens*, it will not address the summary judgment issue.

## II. *FORUM NON CONVENIENS*

"The analytic method [a] district court should employ [when it analyzes a *forum non conveniens* problem] has been well-summarized as follows:

> As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine

Marvin Kramer, Kramer & Fisherman, Brooklyn, N.Y., for plaintiff.

Joseph DeGance, Fort Lauderdale, Fla., for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

JAMES LAWRENCE KING, Chief Judge.

Defendant Treasure Cay Services, Inc. moves the court for summary judgment or for dismissal of this action on grounds of

whether or not factors of *public* interest tip the balance in favor of a trial in a foreign forum. If he decides that the balance favors such a foreign forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice."

*La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir.1983) (quoting *Pain v. United Technologies Corp.,* 637 F.2d 775, 784–85 (D.C.Cir.1980) (emphasis in original), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981)). The Supreme Court's opinions in *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), guide this court's inquiry into private and public interest factors. Private interest factors include: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843. Public interest factors include: "administrative difficulties ... for courts when litigation is piled up in congested centers instead of being handled at its origin[;] [j]ury duty ... imposed upon the people of a community which has no relation to the litigation"; and the court's application of a law with which it is not familiar. *Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843. The court will now apply the Eleventh Circuit's *forum non conveniens* approach to this case.

### A. Adequate Alternative Forum

■ The Eleventh Circuit has suggested that the court first ascertain whether the Bahamas would represent an adequate alternative forum which possesses jurisdiction over the whole case. Plaintiff does not dispute that she could adequately enforce her rights in the Bahamas. Defendant Treasure Cay Services has represented to the court that it would consent to jurisdiction in the Bahamas, if necessary.

Finally, potential defendant Treasure Cay Limited is a Bahamian corporation, and therefore subject to the jurisdiction of a Bahamian court.

### B. Private Interest Factors

The Eleventh Circuit mandates that the court weigh the above-outlined private interest factors with a strong presumption in favor of plaintiff's initial choice of forum. *See La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir.1983). While plaintiff's initial forum choice has already been upset (the Eastern District of New York held that it had no personal jurisdiction over defendant), plaintiff has stated that she would prefer to litigate her claim in Florida rather than in the Bahamas. Plaintiff, however, has no personal connection to this forum, and therefore her choice of forum is entitled to slightly less deference than would otherwise be the case. *See Gilbert,* 330 U.S. at 509–10, 67 S.Ct. at 843–44.

An analysis of the private interest factors at work in this case yields no mandate for *forum non conveniens.* The accident from which plaintiff's claim arises occurred in the Bahamas. Therefore, all relevant proof directly related to the accident rests in that jurisdiction. Moreover, plaintiff executed the purported waiver of liability form in the Bahamas; proof related to that incident must lie in the Bahamas. Similarly, all witnesses to the accident and the execution of waiver are in the Bahamas, other than the plaintiff herself. But to travel to Florida to litigate would inconvenience plaintiff, therefore her travel to the Bahamas for that purpose could be no more intrusive. In addition, because the Bahamas would have jurisdiction over all parties (including the secondary Bahamian corporation not named in this suit), all witnesses would be subject to compulsory service of process in the Bahamas. Finally, the accident scene itself, to the extent that counsel would choose to utilize that item of evidence, lies in the Bahamas.

As to the convenience of this forum, the named defendant is a Florida corporation, and, if plaintiff's allegations of its doing

business with the Bahamian corporation are true, that Bahamian corporation may also be amenable to the jurisdiction and process of this court. But other proof and witnesses predominate in the Bahamas over any American forum. In sum, in light of the court's deference to plaintiff's choice of forum, it will consider the private interest factors to be in equipoise and proceed to an analysis of the public interest factors in this case.

### C. Public Interest Factors

The public interest factors tip the scales in favor of a Bahamian forum. First, a forum in which the personal injury action arose would present a better administrative choice than one which experiences one of the busiest criminal dockets in the U.S. Second, a South Florida jury would have little interest in this litigation. Plaintiff is not a resident of this forum. Moreover, defendant alleges that it is not responsible for plaintiff's injuries. Even if defendant's contention that it is the "wrong defendant" were incorrect, a Florida jury would have only minimal interest in protecting a New York resident from misrepresentations, mishaps, and waivers which occurred in the Bahamas.

Finally, the court must determine whether Bahamas or Florida law applies to this case. As a preliminary matter, this court must follow the choice of law rules of the state in which it sits. *See Erie R.R. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). For tort law, Florida has adopted the "significant relationships test," of the Restatement (Second) of Conflict of Laws §§ 145–46 (1971). *Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999 (Fla.1980). That choice of law principle calls upon the court to determine controversies in accord with the law of the jurisdiction with the "most significant relationship to the occurrence and the parties under the principles stated." *Id.* at 1001 (citing Restatement (Second) of Conflict of Laws § 145). In addition, the court should take into account certain contacts: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties centered." *Id.*

In this case, the injury occurred in the Bahamas. The conduct causing the injury took place in the Bahamas. Plaintiff is domiciled in and is a resident of New York. Defendant is incorporated and has its place of business in Florida. Potential defendant Treasure Cay Limited is incorporated and maintains its place of business in the Bahamas. The relationship of the parties centered in the Bahamas. Plaintiff never travelled to Florida, nor did she conduct business with either the defendant or the potential defendant (Treasure Cay Limited) in this state. Plaintiff and defendant(s) interacted solely in the Bahamas. It is possible that defendant and potential defendant had some interaction in Florida that may shed light on whether plaintiff may continue to proceed against defendant Treasure Cay Services; that interaction, however, is peripheral to the nexus of the complaint. Therefore, the general principle of the Florida choice of law test contained in § 145 of the Restatement counsels for application of Bahamas law.

The personal injury-specific portion of the Florida choice of law test enumerated in § 146 of the Restatement similarly persuades the court that Bahamas law applies. Section 146 provides:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflicts of Law § 146 (1971). In comment d to § 146, the writers have noted that it is more likely that a state's law will apply when the injury and the conduct complained of occur in that same state. As an illustration of when that state's law will not apply, the commentators have noted the situation of a

domicile of State X purchasing a ticket from an airline incorporated and with its principal place of business in State X, who is subsequently injured in State Y by that airline's conduct in State Y. Unlike that scenario, plaintiff in this case purchased a ticket from a travel agent (not sued here) who booked her, through defendant, to stay with a potential defendant, who injured her. Neither defendant nor potential defendant have any connection with plaintiff's domicile.

An interpretation of § 6 of the Restatement, referred to in the above-cited § 146, supports application of Bahamas law as well. The factors enumerated in § 6 counsel a Bahamian forum:

    (a) the needs of the interstate and international systems,

    (b) the relevant policies of the forum,

    (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

    (d) the protection of justified expectations,

    (e) the basic policies underlying the particular field of law,

    (f) certainty, predictability and uniformity of result, and

    (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflicts of Law § 6 (1971). In sum, Bahamas law should determine the outcome of litigation arising out of activities on its soil, which implicates the conduct of businesses on its soil, and in which, arguably, one of its citizens is involved.

In conclusion, public interest factors counsel for a Bahamian forum. The court must now determine whether the last factor of the Eleventh Circuit test is satisfied.

**D. Reinstatement of Suit in the Bahamas**

As a final matter, the court must ensure that plaintiff can reinstate her suit in the Bahamas without undue inconvenience or prejudice. The court accepts defendant's representation that it will submit to suit in the Bahamas. Logistically, plaintiff would similarly be inconvenienced to sue in Florida as in the Bahamas. Plaintiff has not asserted, nor can the court deduce, that plaintiff would suffer undue prejudice in a Bahamian court.

Accordingly, after careful consideration, the court

ORDERS and ADJUDGES that defendant's motion to dismiss for *forum non conveniens* is hereby GRANTED, and this cause is DISMISSED without prejudice to plaintiff to renew it in the appropriate court in the Bahamas.

DONE and ORDERED.