[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11860
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-20662-JAL

BEVERLY MCLANE,
BRAD MCLANE,
her husband,

Plaintiffs-Appellants,

versus

LOS SUENOS MARRIOTT OCEAN
AND GOLF RESORT,
a Costa Rican Company, et. al.,

Defendants,

MARINA DE HERRADURA, S.A.,
d.b.a. Los Suenos Marriott Ocean and Golf Resort,
EL SUENO RESORT, a Delaware Limited Liability Company,
d.b.a. Los Suenos Resort and Marina,
MARRIOTT INTERNATIONAL, INC., a Foreign Company,
LOS SUENOS RESORT AND MARINA,
GUAPIZUL, S.A.,
a Costa Rican Company,
STAY IN COSTA RICA, S.A.,
a foreign Corporation,
CONSTRUCTORA COPT, LIMITADA,

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 24, 2012)

Before HULL and FAY, Circuit Judges, and WALTER,[*] District Judge.

PER CURIAM:

Plaintiffs-Appellants Beverly McLane and Brad McLane appeal the district court's grant of Defendant-Appellee Marriott International, Inc.'s ("Marriott") motion to dismiss on the basis of *forum non conveniens*.

## I. BACKGROUND

United States citizens Beverly McLane and Brad McLane, her husband, went on vacation in Costa Rica, where they stayed at the Los Suenos Marriott Resort ("the Resort"). During their stay, Brad McLane chartered a boat, the *Terry Lee,* owned by a Costa Rican boat charter company, Costa Rica Dreams. The McLanes boarded the *Terry Lee*, operated by Costa Rican citizens Captain Hugo Nunez Barrios ("Nunez") and his mate, from a marina adjacent to the Resort. During the voyage, the boat hit a large wave and Beverly McLane was thrown to

[*]Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

the deck, fracturing a vertebrae.

Beverly McLane brought suit to recover for her injuries, alleging negligent operation of the boat, and Brad McLane filed a loss of consortium claim. In their Third Amended Complaint, Plaintiffs named El Sueno Resort, LLC (the developer of the Resort), Marina De Herradura, S.A. (owner of the Resort), and Marriott (operator of the Resort) as defendants. The former two parties were dismissed for lack of personal jurisdiction, and Marriott was dismissed on the basis of *forum non conveniens*. In this appeal, the McLanes contest the district court's grant of Marriott's motion to dismiss.

## II. STANDARD OF REVIEW

"The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S. Ct. 252, 266 (1981). The district court abuses its discretion when it "fails to balance the relevant factors." *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1308 (11th Cir. 1983).

## III. DISCUSSION

A party moving for dismissal based on *forum non conveniens* must establish that (1) there is an alternate forum for the litigation that is both adequate and available, (2) the balance of private and public factors favors dismissal, and (3) the plaintiff is able to reinstate his suit in the alternate forum without undue inconvenience or prejudice. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). Appellants concede that Costa Rica is an adequate and available forum, so we will not discuss this issue.

A district court must consider the following private factors when ruling on a motion to dismiss for *forum non conveniens*: the relative ease of access to sources of proof; the availability of compulsory processes for unwilling witnesses; the cost of witnesses; the ability to view premises, if such viewing is relevant and appropriate to the case; and all other practical problems relating to the ease, expeditiousness, and expense of trial. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1331 (11th Cir. 2011). In its evaluation of these private factors, the district court should "weigh[] in the balance a strong presumption against disturbing plaintiffs' initial forum choice." *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009). "This presumption in favor of the plaintiffs' initial forum choice in balancing the private interests is at its strongest when the plaintiffs are citizens, residents, or corporations of this country." *SME Racks, Inc. v. Sistemas Mecanicos*

*Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004) (citing *Leon*, 251 F.3d at 1311).  This circuit has "long mandated that district courts 'require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'"  *Id.* (quoting *La Seguridad*, 707 F.2d at 1308 n.7).  However, "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum.  As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Piper Aircraft Co.*, 454 U.S. at 255 n.23, 102 S. Ct. at 266.

The district court's order identified the private interest factors and examined each individually, determining whether that factor alone weighed in favor of dismissal.  First, the district court looked at relative ease of access to sources of proof.  Finding that many of the material witnesses needed to resolve issues of liability resided in Costa Rica, including Captain Nunez and his mate, the district court determined that this factor weighed in favor of dismissal.  Next, the district court assessed the availability of compulsory processes.  Because Captain Nunez and his mate cannot be compelled to testify in this case, the district court found that this factor also weighed in favor of dismissal.  A view of the premises was not

5

found to be necessary, so that factor was given little weight. Last, the district court inquired into other practical problems and found that the inability of Marriott to implead Nunez, his mate, and Costa Rica Dreams as defendants weighed in favor of a trial in Costa Rica. After conducting this review of the individual private factors, the district court stated in summary that private interest factors clearly supported dismissal pursuant to *forum non conveniens*.[1]

We find that the district court adequately identified the private factors involved in this case but committed an abuse of discretion in its balancing of them. The district court should have weighed the presumption against disturbing the plaintiffs' choice in its balancing of private factors, but there is no indication that it did so.[2] Furthermore, nowhere in the opinion did the district court acknowledge

---

[1]In its opinion, the district court properly considered both Plaintiffs' and Defendants' arguments weighing in favor of and against dismissal. We have considerably condensed our summary of the district court's evaluation to focus on the only part we find to be in error: the exclusion of the presumption against disturbing plaintiffs' choice from the district court's balancing of private factors.

[2]The district court mentioned the presumption against disturbing the plaintiffs' forum choice in its introduction to the order, but failed to mention the presumption at all in its application and balancing of the factors. We have held that a recitation of the law regarding the presumption is not sufficient; this presumption must be integrated into the balancing of the private factors. *See SME Racks*, 382 F.3d at 1102 ("While the district court referenced the presumption in favor of plaintiffs' choice of forum in the introductory portion of its discussion, the district court failed to articulate the relevant standards and failed to apply any presumption in its analysis."). In *SME Racks*, we further stated that, "even if we were to assume that the district court correctly understood the proper legal standard, the district court never mentions the presumption in favor of the plaintiffs or incorporates the presumption into its calculus once it actually engages in weighing the private interests." *Id.*

6

that this presumption is at its strongest when plaintiffs are U.S. citizens, and nowhere did the district court point to "unusually extreme circumstances" or manifest extreme injustice that would merit denying a U.S. citizen access to U.S. courts. *SME Racks*, 382 F.3d at 1101. In this circuit, a district court's failure to weigh the presumption in favor of the plaintiffs into the balancing of private factors has been held to be a clear abuse of its discretion. *See id.* at 1103.

Because it is unclear whether the district court, applying the presumption correctly, would conclude that dismissal is nevertheless appropriate, we reverse and remand for reconsideration. Given that we are reversing and remanding on the basis of the district court's errors in balancing the private factors, we do not need to continue with our analysis of the public interest factors.[3] *See Wilson*, 590 F.3d at 1272. Nothing herein suggests the ultimate outcome. *Cf. Tazoe*, 631 F.3d at 1335 (concluding the district court correctly dismissed a complaint by family members of a U.S. citizen who died in a plane crash in Brazil despite the added deference given to the plaintiffs' choice of forum).

**REVERSED AND REMANDED.**

---

[3] Public interest factors are to be considered when the balance of private interest factors is not clear. *See La Seguridad*, 707 F.2d at 1307.

7