Beverly McLANE and Brad
McLane, Plaintiffs,

v.

MARRIOTT INTERNATIONAL,
INC., et al., Defendants.

Case No. 08–20662–CIV.

United States District Court,
S.D. Florida.

April 30, 2013.

Joel Stephen Perwin, Robert L. Parks, Law Offices of Robert L. Parks, P.L., Beranton James Whisenant, Jr., Foley & Mansfield, Kevin Patrick O'Connor, Miami, FL, for Plaintiffs.

Hector Ralph Rivera, Quintairos Prieto Wood & Boyer PA, Miami, FL, for Defendants.

### ORDER GRANTING DEFENDANT MARRIOTT INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT (D.E. 215)

JOAN A. LENARD, District Judge.

**THIS CAUSE** is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit ("Appellate Order," D.E. 373). Before the Court for reconsideration pursuant to the Appellate Order is Defendant Marriott International, Inc.'s ("Marriott") Motion to Dismiss Plaintiffs' Third Amended Complaint ("Motion," D.E. 215), filed on July 7, 2009. Plaintiffs Beverly and Brad McLane filed their Response in Opposition to the Motion to Dismiss ("Response," D.E. 231), on August 3, 2009, to which Defendant Marriott replied on August 11, 2009 ("Reply," D.E. 253). Also before the Court are the Parties' Supplemental Memoranda of Law ("Plaintiffs' Supplement," D.E. 381; "Defendant's Supplement," D.E. 382), filed on August 10, 2012 pursuant to this Court's July 10, 2012 Order (D.E. 379). Having considered the Appellate Order, Motion, Response, Reply, Plaintiffs' and Defendant's Supplements, and the record, the Court finds as follows.

### I. Background [1]

This case arises out of injuries suffered by Plaintiff Beverly McLane resulting

---

1. All of the facts in this section are gleaned from Plaintiffs' Third Amended Complaint

from the alleged negligent operation of a sportfishing boat off the coast of Costa Rica. On or around March 24, 2006, Plaintiffs were vacationing at the Los Suenos Marriott Resort ("Resort") in Costa Rica. (Third Am. Compl., D.E. 204, ¶ 23.) On that date, Plaintiff Brad McLane, Beverly's husband, chartered a 1998 Boston Whaler named *Terry Lee* to go sport fishing in the waters off the coast of Costa Rica. (*Id.*) The *Terry Lee* was owned by Costa Rica Dreams, a boat charter company, and sailed from the marina adjacent to the Resort. (*Id.*) Hugo Keyner Nuñez Barrios, a Costa Rican citizen, captained the boat. (Motion 9.) During the voyage, Beverly McLane suffered a burst compression fracture of her L1 vertebrae. (Third Am. Compl. ¶ 25.) As a result of this injury, Beverly McLane has undergone two spinal surgeries and currently suffers from chronic back pain and numbness in her back and lower extremities. (*Id.* ¶¶ 25–27.) Plaintiffs allege that Beverly McLane's injuries were caused by the negligent operation of the *Terry Lee.* (*Id.* ¶ 24.)

On June 26, 2009, Plaintiffs filed their Third Amended Complaint ("Complaint"), which alleged, *inter alia,* a claim of vicarious liability against Marriott, the promoter and day-to-day operator of the Resort. (*Id.* ¶¶ 48–57.) On July 7, 2009, Marriott moved to dismiss Count IV of the Complaint on *forum non conveniens* grounds. The Court granted Marriott's Motion and dismissed the case against Marriott on *forum non conveniens* grounds. (*See* Order, D.E. 322.) On appeal, the Eleventh Circuit reversed this Court's ruling on Marriott's Motion and remanded the case for reconsideration of that Order. *McLane v. Los Suenos Marriott Ocean & Golf Resort,*

476 Fed.Appx. 831, 834 (11th Cir.2012) (per curiam). The Eleventh Circuit focused its opinion on "the only part [of the Court's Order it] found to be in error: the exclusion of the presumption against disturbing plaintiffs' choice from the district court's balancing of private factors." *Id.* at 833 n. 1. The Eleventh Circuit found as follows:

> We find that the district court adequately identified the private factors involved in this case but committed an abuse of discretion in its balancing of them. The district court should have weighed the presumption against distributing plaintiffs' choice in its balancing of private factors, but there is no indication that it did so. Furthermore, nowhere in the opinion did the district court acknowledge that this presumption is strongest when plaintiffs are U.S. citizens, and nowhere did the district court point to unusually extreme circumstances or manifest extreme injustice that would merit denying a U.S. citizen access to U.S. courts. In this circuit, a district court's failure to weigh the presumption in favor of the plaintiffs into the balancing of private factors has been held to be a clear abuse of its discretion.
>
> Because it is unclear whether the district court, applying the presumption correctly, would conclude that dismissal is nevertheless appropriate, we reverse and remand for reconsideration.... Nothing herein suggests the ultimate outcome.

*Id.* at 833–34 (footnote and internal quotations omitted).

In their Supplemental Memorandum of Law filed after the issuance of the Appellate Order, Plaintiffs argue that "Marriott

---

and are deemed to be true for the purposes of Defendant's Motion. Plaintiffs brought suit against numerous defendants. Because the Eleventh Circuit remanded this action for re-

consideration of one issue related to Defendant Marriott's Motion to Dismiss, the Court sets forth only the factual and procedural history related to Defendant Marriott.

International must demonstrate that the contacts in this case *overwhelmingly* predominate in Costa Rica, and it cannot fulfill that burden merely by listing the contact *there*. It can show those foreign contacts to be overwhelming only by comparing them to the contacts *here*." (Plaintiffs' Supplement 3.) Plaintiffs assert that this case's contacts with the United States, including that both Plaintiffs are U.S. citizens, four of the eyewitnesses live in Florida, most of the medical witnesses are in the United States, and that Marriott operates an office in Florida, show that the contacts in this case do not overwhelmingly predominate in Costa Rica. (*Id.* at 3–5.)

In its Supplemental Memorandum of Law, Defendant Marriott argues that the Court "should conclude that the strong presumption against disturbing the Plaintiffs' choice of forum is outweighed by a balancing of the private interest factors and dismiss the Complaint" owing to the following seven reasons: "(1) this Court's inability to compel the testimony in Florida or the production of documents from the majority of third-party witnesses on the critical issues of liability; (2) the inability to implead potential third-parties who are alleged to be the actual tortfeasors and agents of the Defendant; (3) superior access to sources of proof available in Costa Rica where the majority of witnesses, documents, and tangible evidence are located; (4) the substantial costs involved in translating testimony and documents for a Florida trial; (5) the unnecessary burden on local jurors to serve on a trial that has little connection to this forum; (6) Costa Rica's superior interest in resolving this claim; and (7) the need to apply foreign law." (Defendant's Supplement 3.)

## II. Legal Standards

A district court has discretion to dismiss a case on *forum non conveniens* grounds "when trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of consideration affecting the court's own administrative and legal problems." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). "Dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court and where the plaintiff is unable to aver any specific reasons of convenience supporting its choice." *Id.*

In a motion to dismiss for *forum non conveniens,* the defendant must show that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.,* 251 F.3d 1305, 1311 (11th Cir.2001) (citation omitted). "A defendant has the burden of persuasion as to all elements of a *forum non conveniens* motion." *Id.*

## III. Discussion

### A. An Available and Adequate Alternative Forum

"The first factor involves two inquiries: 'whether the alternative forum is adequate and available.'" *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1330 (11th Cir.2011) (quoting *Aldana v. Del Monte Fresh Produce N.A.,* 578 F.3d 1283, 1290 (11th Cir. 2009)). "Availability and adequacy warrant separate consideration." *Leon,* 251 F.3d at 1311 (citing *Satz v. McDonnell Douglas Corp.,* 244 F.3d 1279, 1283–84 (11th Cir. 2001) (per curiam)).

The Court previously found that Costa Rica is an adequate and available forum. (*See* Order, D.E. 322, at 21–22.) On ap-

peal, Plaintiffs "concede[d] that Costa Rica is an adequate and available forum," and the Eleventh Circuit did "not discuss the issue." *McLane,* 476 Fed.Appx. at 832. Neither party has requested that the Court reconsider its prior findings on this issue. Upon a complete review of the record, the Court adopts its prior findings that Costa Rica is an adequate and available alternative forum.

**B. Private Interest Factors**

■■■ Private interests "pertain to the interests of the participants in the litigation." *Tazoe,* 631 F.3d at 1331. "A district court must consider the following private factors when ruling on a motion to dismiss for *forum non conveniens:* the relative ease of access to sources of proof; the availability of compulsory processes for unwilling witnesses; the cost of witnesses; the ability to view premises, if such viewing is relevant and appropriate to the case; and all other practical problems relating to the ease, expeditiousness, and expense of trial." *McLane,* 476 Fed.Appx. at 832–33 (citing *Tazoe,* 631 F.3d at 1331). "In its evaluation of these private factors, the district court should 'weigh in the balance a strong presumption against disturbing plaintiffs' initial forum choice.'" *Id.* at 833 (quoting *Wilson v. Island Seas Invs., Ltd.,* 590 F.3d 1264, 1269 (11th Cir.2009)). "'This presumption in favor of the plaintiffs' initial forum choice in balancing the private interests is at its strongest when the plaintiffs are citizens, residents, or corporations of this country.'" *Id.* (quoting *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.,* 382 F.3d 1097, 1101 (11th Cir.2004)). The Eleventh Circuit "has 'long mandated that district courts require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'" *Id.* (quoting *SME Racks,* 382 F.3d at 1101). "However, 'dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.'" *Id.* (quoting *Piper Aircraft,* 454 U.S. at 255 n. 23, 102 S.Ct. 252).

**1. Relative Ease of Access to Sources of Proof**

■■■ The first consideration is the relative ease of access to sources of proof in Costa Rica as compared to Florida. *Ford v. Brown,* 319 F.3d 1302, 1308 (11th Cir. 2003) ("[p]erhaps the most important 'private interest' of the litigants is access to evidence."). This factor clearly weighs in favor of dismissal. The accident occurred in the waters just off the coast of Costa Rica. Moreover, Defendant asserts that the critical witnesses concerning liability reside in Costa Rica; Captain Nuñez of the *Terry Lee,* Roberto Campaz Santana ("Campaz," first mate of the *Terry Lee* ), Carlos Sojo (head captain of Costa Rica Dreams who had knowledge of the condition of the *Terry Lee* ), mechanics at Limon and Puntarenas in Costa Rica (who may have knowledge of the maintenance and repairs made to the *Terry Lee* ), William Kirby (dockmaster employed by Gaupizul at time of the incident), Eduardo Lazano (assistant dockmaster), Costa Rican doctors, paramedics and nurses at Care Clinic in Costa Rica (who provided first aid and medical care to Plaintiff Beverly McLane), and Costa Rican government officials (who conducted inspections of the *Terry Lee* ). (*See* Motion 10–18.) Defendant also lists a plethora of other witnesses based in Costa Rica who will testify regarding the relationship between all Defendants, the circumstances leading up to the charter rental and provide other

information surrounding the incident on March 24, 2006. (*See id.*) Although some of these witnesses are redundant, the Court is convinced that Costa Rica is home to a majority of witnesses on the issue of liability.

Plaintiffs counter with the fact that four eyewitnesses to the incident reside in Florida. (*See* Plaintiffs' Witness List at 1–2.) Two of the witnesses are Plaintiffs Brad and Beverly McLane. (*See id.*) Beverly McLane argues that it is absolutely dispositive that she will not be able to attend her own trial should it take place in Costa Rica, submitting an affidavit which states, *inter alia,* that all of her care and treatment has taken place in South Florida. (McLane Aff. at 3.) Plaintiffs submit no legal authority to support Beverly McLane's contention that her inability to travel should foreclose the *forum non conveniens* analysis. *Cf. Son v. Kerzner Int'l Resorts, Inc.,* No. 07–61171–CIV, 2008 WL 4186979, at *8 (S.D.Fla. Sept. 5, 2008) (finding that the plaintiff's alleged inability to travel was not a persuasive justification for invalidating a forum selection clause). Nor does Plaintiff submit any affidavits from her medical providers confirming her inability to travel. *See id.* According to Plaintiffs' legal expert, the parties may present evidence in writing and there is no trial by jury. (Mata–Ferreto Decl. at 1.) The Court is thus satisfied that if Beverly McLane cannot attend part or all of her trial in Costa Rica, Plaintiffs will nonetheless be able to present their case and their access to proof and witnesses only available in Costa Rica will not be impinged.[2]

"[C]ourts should look to the quality of proposed witnesses rather than their number." *Morse v. Sun Int'l Hotels Ltd.,* No. 98–7451–Civ, 2001 WL 34874967, at *3 (S.D.Fla., Feb. 26, 2001) (dismissing case under doctrine of *forum non conveniens* (citing *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1334 (9th Cir.1984)). The crucial issues in this case concern the alleged negligence of the *Terry Lee's* captain and mate, the potentially unsatisfactory condition of the *Terry Lee,* and the failure of certain entities to properly maintenance, license, train and/or supervise the *Terry Lee* and its crew. Here, the resolution of all of these issues will determine liability. Because many of the key witnesses on the issue of liability, including two of the most critical (Nuñez and Campaz), reside in Costa Rica, the Court finds this factor strongly weighs in favor of dismissal based upon *forum non conveniens.*

## 2. Availability of the Compulsory Process

As previously discussed, a majority of witnesses reside in Costa Rica. In their Complaint, Plaintiffs do not name as defendants Captain Nuñez, his mate Campaz, or their employer Costa Rica Dreams. It is unsurprising therefore, that Nuñez and Campaz failed to appear for their depositions in Costa Rica for this case. (Motion 21–22 (Defendant contends that both men are unwilling to come to Miami to testify at trial).) The most critical witnesses on the issue of liability are not under the control of any defendant in this

---

**2.** In *Morse v. Sun International Hotels, Ltd.,* the district court also took into consideration whether any special circumstances, such as a compelling reason preventing the plaintiff from returning to the forum where her injury occurred, should prevent dismissal. No. 98–7451–Civ, 2001 WL 34874967, at *6 (S.D.Fla. Feb. 26, 2001). Finding no such compelling reason, the Court found that the balance of private interests strongly favored dismissal. *See id.* (distinguishing Ms. Morse's return to the Bahamas, site of her boating accident, from other cases in which compelling reasons preventing return existed). Here, the Court is similarly without adequate basis, medical or otherwise, to find that Plaintiffs cannot return to Costa Rica.

case and thus cannot be compelled to testify.

■ "Of all the private interest factors, the relative ability for the forums to compel the attendance of significant unwilling witnesses at trial often is considered the most important factor, because the presentation of live testimony is essential to a fair trial." *Rivas v. Ford Motor Co.*, No. 8:02 CV–676–T–17 EAJ, 2004 WL 1247018, at *9 (M.D.Fla. Apr. 19, 2004) (dismissing case under doctrine of *forum non conveniens*). Should this case be brought in Costa Rica, Plaintiffs' jurisdictional impediments to name Nuñez, Campaz, and Costa Rica Dreams will disappear, allowing Plaintiffs to compel these parties to testify and produce evidence. Even if Nuñez, Campaz, and other Costa Rica-based witnesses would be willing to testify in Florida, the costs associated with obtaining their testimony (*e.g.*, translation of testimony from Spanish, hotels, travel) through this Court's compulsory process would be significant. *See Callasso v. Morton & Co.*, 324 F.Supp.2d 1320, 1331 (S.D.Fla.2004) (district court granted dismissal based on *forum non conveniens* in favor of a Nicaraguan forum, concluding that the likelihood of substantial testimony in Spanish weighed in favor of dismissal).

Although the Plaintiffs contend that if they are unable to make witnesses available for deposition and trial they will continue on without them, this Court is concerned that all parties to this negligence action would be severely handicapped if forced to litigate without these critical third-party witnesses. *See DaRocha v. Bell Helicopter Textron, Inc.*, 451 F.Supp.2d 1318, 1324 (S.D.Fla.2006). Accordingly, this factor weighs in favor of dismissal.

### 3. View of the Premises

■ Defendant contends that a view of the *Terry Lee* is critical to understanding how the accident might have occurred. (Motion 30.) Defendant also contends that a view of the marina and surrounding premises will shed light on the allegations of whether Costa Rica Dreams was an apparent agent of the Resort, Marriott, or any other defendant in this case. A series of photographs and maps, however, may be a sufficient substitute for Defendant's suggested in-person viewing. This Court is not convinced that a viewing is necessary and gives this factor little weight in finding it does not support dismissal.

### 4. Enforceability of a Judgment

■ Defendant has established that Costa Rican courts are of competent jurisdiction to hear cases arising from acts occurring within the forum. Furthermore, Defendant has established that remedies and precautions exist to secure the assets of a Costa Rican defendant throughout the pendency of an action. (*See* Gonzalez Decl. at 14.) Once Marriott, the only Defendant based outside of Costa Rica, consents to satisfy any judgment rendered against it in a Costa Rican court, this Court will be satisfied that this factor supports dismissal under *forum non conveniens.*

### 5. All Other Practical Problems

■ Continuing the instant action in Florida will prevent Defendant from impleading Nuñez, Campaz, and Costa Rica Dreams. Because Nuñez and Campaz were responsible for the passengers of the *Terry Lee* on March 24, 2006, and Costa Rica Dreams was both their employer and the boat owner, the inability to implead these parties is significant. *See Morse*, 2001 WL 34874967, at *4 (in a negligence action where plaintiff could not sue the Bahamian driver of a banana boat and other entities directly involved in the underlying controversy, the inability of de-

fendants to implead them weighed in favor of dismissal); *Perez–Lang v. Corporacion de Hoteles, S.A.*, 575 F.Supp.2d 1345, 1352 (S.D.Fla.2008) (same result where Dominican automobile driver could not be impleaded). In contrast, Costa Rican courts could implead Nuñez, Campaz, and Costa Rica Dreams. The Court finds the problems posed by Defendant's inability to implead Nuñez, Campaz, and Costa Rica Dreams, among others, weigh in favor of holding this trial in Costa Rica. *See Perez–Lang*, 575 F.Supp.2d at 1352 (prevention of impleader prevents "an easy and expeditious trial in Florida").

### 6. Balancing the Private Interest Factors

 Having identified and discussed all of the private interest factors and their weight, the Court now balances the relevant factors. The Court notes that there is a strong presumption against disturbing a plaintiff's choice of forum and that this presumption is at its strongest when a plaintiff is a United States citizen. *McLane*, 476 Fed.Appx. at 833. Both Plaintiffs in this case are United States citizens who filed suit in a United States court, and the Court gives this factor substantial weight. However, the Court finds that there are "unusually extreme circumstances" in this case and "manifest extreme injustice" would result in trying this case in this Court. *See id.* (quoting *SME Racks*, 382 F.3d at 1101). The private interest factors strongly favor Defendant. As set forth in detail above, access to evidence, which is "perhaps the most important private interest," *Ford*, 319 F.3d at 1308, strongly weighs in favor of dismissal because the accident occurred in Costa Rica and the critical witnesses concerning liability and the relationship among the Defendants reside in Costa Rica. Three other private interest factors also strongly weigh in favor of dismissal because the most critical witnesses concerning liability

cannot be compelled to testify in this Court, Marriott is unable to implead third parties who were responsible for the boat's passengers, and Marriott will satisfy any judgment rendered against it in a Costa Rican court. Only the private interest factor related to viewing the premises does not support dismissal. Upon considering the presumption against disturbing a U.S. citizen plaintiff's choice of forum and the private interest factors which strongly favor Defendant, the Court finds that the balance of private interest factors weigh in favor of dismissal of this action so it can be litigated in Costa Rica.

### C. Public Interest Factors

 "[E]ven though private factors are generally considered more important than the public factors, [the Court] is to consider both factors in all cases." *Leon*, 251 F.3d at 1311. The Eleventh Circuit has also noted that "[p]ublic interest factors are to be considered when the balance of private interest factors is not clear." *McLane*, 476 Fed.Appx. at 834 n. 3 (citing *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir.1983)). Here, the Court finds that the balance of the private interest factors clearly supports dismissal of this action on *forum non conveniens* grounds. However, for completeness, the Court also analyzes and weighs the relevant public interest factors and concludes that the combination of the public interest factors also support dismissal.

### 1. Administrative Difficulties

 The first public interest factor takes into account the court congestion and jury duty generated by controversies having little or no relation to the forum. No party has made any showing that Costa Rican courts suffer from a congested docket. "The Southern District of Florida has one of the busiest criminal dockets in

the country but is nevertheless current in its civil docket." *Perez–Lang,* 575 F.Supp.2d at 1352. This Court finds that this factor bears little weight, one way or another, on the *forum non conveniens* analysis.

## 2. Local Interest

As previously discussed, this suit is a Costa Rican controversy because the accident occurred in that forum. The Court agrees with Defendant's contention that Costa Rica has a substantial interest in resolving the issues presented by this action, including the safety of boat passengers in a Costa Rican vessel, the licensing, training and supervision of Costa Rican boating crews, the maintenance and operation of Costa Rican sportfishing boats and Costa Rican agency relationships. The resolution of this action will undoubtedly affect the burgeoning tourism industry of Costa Rica.

Plaintiffs' argument that the broad interest of "providing its own citizens with a forum to seek redress for injuries caused by foreign defendants" is unavailing (*see* Plaintiffs' Response 21 (citation omitted)); it glosses over the fact that the immediate events giving rise to Beverly McLane's injury occurred in Costa Rica. Going one step up the chain of events, Brad McLane chartered the *Terry Lee* from Costa Rica Dreams, a Costa Rican company doing business on Costa Rican soil. The cases Plaintiffs cite in support of their broad argument are factually distinguishable from the instant case. *See, e.g., Chan Tse Ming v. Cordis Corp.,* 704 F.Supp. 217, 220 (S.D.Fla.1989) (public interest factors not in favor of dismissal where defendant was a Florida company and Florida was the site of product manufacture, development and testing). Here, the Court finds that the Florida interest is minimal.

## 3. Federal Interest

The Court next considers the federal interest in deciding the dispute. " '[T]here is a strong federal interest in making sure that plaintiffs who are United States citizens generally get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction.' " *SME Racks,* 382 F.3d at 1104 (quoting *Esfeld v. Costa Crociere, S.P.A.,* 289 F.3d 1300, 1311 (11th Cir. 2002)). "Furthermore, it is clear that a sovereign has a very strong interest when its citizens are allegedly victims and the injury occurs on home soil." *Id.* (citing *Piper Aircraft,* 454 U.S. at 235, 102 S.Ct. 252; *Satz,* 244 F.3d at 1284).

Here, because Plaintiffs are United States citizens and Plaintiff Beverly McLane is an alleged victim, there is a strong federal interest in ensuring that they get to choose an American forum for bringing suit. *See id.* However, because the injury occurred in Costa Rica, the interest of the United States is somewhat diminished. *See id.*

## 4. Trial in a Forum Familiar With Applicable Law and Conflict-of-Laws

Next the Court addresses the avoidance of unnecessary problems with conflict-of-laws issues and the application of foreign law. Plaintiffs brought this action under the Court's diversity jurisdiction. (Third Am. Compl. ¶ 1.) If this Court retains this case through trial, a conflict-of-laws analysis to determine applicable law would be required. Under the "significant relationships test" utilized in Florida, this Court would analyze factors such as where the injury occurred, where the conduct causing the injury occurred, and where the relationship of the parties is centered. *See Bishop v. Specialty Paint Co.,* 389 So.2d 999, 1001 (Fla.1980) ("these

contacts are to be evaluated according to their relative importance with respect to the particular issue"). Based on these factors, Costa Rican law likely would govern this action. *See Chierchia v. Treasure Cay Services*, 738 F.Supp. 1386, 1389–90 (S.D.Fla.1990) (plaintiff was injured in a boating accident in the Bahamas; this Court concluded that Bahamian law would apply under a conflict-of-laws analysis). Consequently, this factor weighs in favor of Costa Rica as the proper forum. *See Sibaja v. Dow Chem. Co.*, 757 F.2d 1215, 1218 n. 5 (11th Cir.1985) (affirming dismissal where the trial court found that it would have been forced "to conduct a complex exercise in comparative law and consider foreign law with which the Court is not familiar and which is in a foreign language").

### 5. Unfairness of Imposing Jury Duty in an Unrelated Forum

■■■ A South Florida jury would have a minor interest in a litigation stemming from a boating accident involving U.S. citizens in Costa Rica, in which almost all defendants are Costa Rican entities and Costa Rican law would seemingly govern. Trial in this forum would create an unfair burden to potential jurors by asking them to apply foreign law. *See Morse*, 2001 WL 34874967, at *7. This factor carries little weight in this Court's *forum non conveniens* analysis; yet it still favors dismissal. *See id.*

### D. Prejudice of Having to File in Costa Rica

■■■ Finally, this Court must determine that Plaintiffs can reinstate their suit in Costa Rica without undue inconvenience or prejudice. The Court accepts Marriott's representation that it will submit to suit in Costa Rica. To avoid any unforeseen issues such as the Costa Rican statute of limitations or rule that the losing party pays the prevailing party's attor-

ney's fees, this Court requires Defendant to waive any such defenses or rights it might have prior to dismissal. *See Morse*, 2001 WL 34874967, at *8 (granting the defendants' motion to dismiss under *forum non conveniens* subject to written waivers submitted by all defendants). Given these stipulations and findings, the Court is not convinced that Plaintiffs would suffer undue prejudice or significant inconvenience in a Costa Rican court.

### IV. Conclusion

Upon reconsideration of its prior Order, and taking into account the presumption against disturbing Plaintiffs' choice of forum, the Court concludes that because " 'the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant [and] the court, dismissal is proper.' " *See McLane*, 476 Fed.Appx. at 833 (quoting *Piper Aircraft*, 454 U.S. at 255 n. 23, 102 S.Ct. 252).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Upon reconsideration pursuant to the Appellate Order, Defendant Marriott International Inc.'s Motion to Dismiss Plaintiffs' Third Amended complaint (D.E. 215), filed on July 7, 2009, is **GRANTED**;

2. Plaintiffs' Third Amended Complaint (D.E. 204) is **DISMISSED WITHOUT PREJUDICE** on *forum non conveniens* grounds subject to the following conditions:

 A. Defendant Marriott International, Inc. must consent to submit to Costa Rican jurisdiction, to receive service of process from the Costa Rican court by personal service or registered mail, to waive any statute of limitations, venue or jurisdictional defenses, to waive any entitlement to costs and/or attorney's fees

under Costa Rican law should it be the prevailing party, to make relevant witnesses and documents available to a Costa Rican court, and to respect the final judgment of a Costa Rican court and consent to the enforcement of that final judgment in the United States; and

B. If Plaintiffs Beverly McLane and Brad McLane are unable to reinstate this action in Costa Rica and such decision is affirmed by the highest court in Costa Rica, then upon the filing of an appropriate motion, this Court will reactivate this action;

3. All pending motions are **DENIED AS MOOT**; and

4. This case is now **CLOSED.**